GORDON *et al.* *v.* PARKER *et al.**

(Division B.   May 11, 1925.)

[104 So. 77.   No. 24952.]

WILLS.   *Will signed by one attesting witness before signature by testatrix held valid.*

Section 5078, Code of 1906 (section 3366, Hemingway's Code), provides, among other things, that wills shall be in writing, and if not wholly written and subscribed by the testator or testatrix they shall be attested by two or more creditable witnesses in the presence of the testator or testatrix.   One of the two required attesting witnesses to a will subscribed to the will before the testatrix signed her name, but the signing and publication of the will by the testatrix and the signing by the subscribing witnesses was one continuous transaction; each signing in the presence of the others.   *Held,* the will to be valid notwithstanding the signature of one of the subscribing witnesses before that of the testatrix.

*Headnote 1.   Wills, 40 Cyc., pp. 1102, 1108, 1128.

APPEAL from chancery court of Washington county.
HON. E. N. THOMAS, Chancellor.

Will contest by Richard Gordon and another, opposed by Sam Parker and another.   From decree upholding will, contestants appeal.   Affirmed.

*A. H. Turnage,* for appellants.

All parties have agreed that the witness, Jack Jefferson, signed the instrument purporting to be the last will

and testament of Mary James, deceased, who was the testatrix, as an attesting witness before the said testatrix, Mary James, signed her name to the said instrument.

This is a case of first impression in this state and it is largely for that reason the case is brought here. I admit readily that the different states in the Union are on record holding different views, but I also submit that the majority of them and of England hold that a will executed as this will was executed was improperly executed. 40 Cyc., 1127, and the authorities there cited; 1 Underhill on Wills, 266, par. 195, and the authorities there cited; *Duffle* v. *Corridan,* 40 Ga. 122; *Brooks* v. *Woodson,* 87 Ga. 379; *Reed* v. *Matson,* 27 Ind. 443.

The statute of Mississippi on this question section 5078. Code 1906, ends with these words: "And, moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix." A will must be executed in accordance with statutory requirements; otherwise it is entirely void. 40 Cyc. 1097. It seems to me that this language of our statute is as strong and emphatic as it can be made, and that it requires all wills to be attested by two or more credible witnesses. It specifically requires that a valid will be attested. Webster's Unabridged Dictionary defines the word "Attest" "to certify as being genuine or true." How can anyone so certify until there is something to certify? Until the testatrix has signed her will certainly there is nothing for an attesting witness to attest. Underhill on Wills, 266, par. 195.

It has been held that a will is invalid where the witness admits that he did not see the signature of the testator when he signed as a witness and did not know whether it was there at that time or not. *In re Dougall's Will,* 34 N. Y. Supp. 302; *Simmons* v. *Leonard,* 91 Tenn. 183.

It has also been held that it makes no difference even though the will was signed by both the attesting wit-

nesses and the testator as one and the same transaction; that it is nevertheless void if the witness signed before the testator, and that such a defect cannot be cured by his (the witness) subsequent acknowledgment that the signature is his own. 28 R. C. L. 128, par. 83, and authorities there cited; 30 Am. & Eng. Enc. of Law, 597.

It is conceded that this will was signed by the testatrix and the witness, Jefferson, as one and the same transaction, but we contend that this really makes no material difference, since the witness, Jefferson, did sign as a matter of fact before there was any signature affixed to the will by the testatrix and therefore was nothing for him to attest. What can be the reason for requiring attesting witnesses to a will? Surely it is for the purpose of identifying the instrument when it is presented for probate, and being able then and there to certify that the signature is, the same as the one he witnessed when he attested the writing. How in the world can any one do this when there was no signature affixed to the will when he signed as an attesting witness?

*George Butler* and *Eugene Gerald*, for appellee.

The sole question presented for review is whether by merely showing that one of the attesting witnesses to a will signed as a witness before the testatrix signed, contestants overcome the *prima-facie* validity of the will established by its probate, and thereby render the will invalid.

THE PROBATION OF THE WILL PRIMA-FACIE ESTABLISHED ITS VALIDITY. Section 1999, Code 1906. The court in two cases has had under consideration the purpose and effect of this statute, and has held that the statute means exactly what it says. *Edington v. Mabry,* 111 Miss. 492; *Rylee v. Union & Planters Bank,* 122 Miss. 385.

UNDER THE CIRCUMSTANCES IT WAS INCUMBENT UPON CONTESTANTS TO SHOW THE INVALIDITY OF THE WILL. The only fact shown that in the least degree purports to affect the validity of the will is the bare fact that Jack

Jefferson, one of the witnesses, signed his name to the will before the testatrix signed it.

Under the statute, every presumption and every inference in favor of the validity of the will, except this bare fact, is and must be indulged. It is and must be presumed that the testatrix was of sound and disposing mind; that she with all due formality undertook and endeavored to execute a valid will; that she intended to so execute it, and that the requirements of section 5078, Code 1906, were literally and fully complied with, and that the will is properly executed, unless the mere fact that Jefferson signed as a witness before the testatrix signed, renders it invalid.

The agreed statement shows, that the signing was one and the same transaction. It must be presumed that no appreciable length of time elapsed between the signature of Jefferson and the testatrix. It must be presumed that the testatrix declared the instrument in the presence of the witnesses to be her last will; that they were called upon to attest it and that after Jefferson had ·signed his name as a witness, the testatrix immediately thereafter signed the same, and that Jefferson re-affirmed his signature; that there was an effort by the testatrix in good faith to execute a will; that all parties intended the signature of Jefferson and the transaction occurring at that time to constitute him a witness to the will.

THE MERE FACT THAT JEFFERSON SIGNED AS WITNESS BEFORE THE TESTATRIX SIGNED THE WILL DOES NOT RENDER THE WILL INVALID. There are two lines of authorities on this point. The courts of Georgia, Indiana, Massachusetts, New Jersey and New York apply a strict rule of construction to the statutes with reference to the execution of wills, and ·hold in effect that the signing of a will by the testator must precede the signing by the witnesses, although the signing of each is a part of the same transaction.

The courts of Colorado, Illinois, Kentucky, Maryland, Michigan, North Carolina, Pennsylvania and South Carolina apply a more liberal rule of construction, and hold

that the execution of a will is valid, notwithstanding the witnesses sign before the testator, where the signing is a part of one and the same transaction and the signature of the witness is affixed as a witness, if in good faith the party undertakes to execute a valid will.

Our court in the past has applied a somewhat liberal construction to the statute of wills, and adopted the rule that where the evidence showed that the testator in good faith endeavored to make a will and the terms of the statute were substantially complied with, and the rules applied by the English courts to the construction of the fifth paragraph of the statute of frauds had been followed, there was a valid execution of a will.

There is a controversy between the courts and text-writers as to the weight of authority upon this proposition. In the case of *Re Horn,* 161 Mich. 20, 26 L. R. A. (N. S.) 1126, the authorities upholding the validity of a will under the circumstances of this case are set out and reviewed and the reasoning supporting that view clearly set forth, and it is there maintained that the weight of authority sustains the judgment of the lower court in this case. The authorities announcing the contrary rule are reviewed in *Lacey* v. *Dabbs,* 63 N. J. Eq. 325, 92 Am. Rep. 667, 55 L. R. A. 580, and it is there maintained that the majority of the courts condemned the chancellor's finding in this case.

See also Page on Wills, section 222, Boreland on Wills, page 61, asserting that the majority of the American cases uphold the chancellor's finding, while Underhill on Wills, 266, Gardner on Wills, 211, assert the majority rule to be the opposite.

Alexander on Wills, 672, points out that where the rule of construction is strictly applied, if a witness signs before the testator has written his name, although part of one and the same transaction, the will is not validly executed, and on page 673, points out that where the liberal rule of construction is applied the fact that a witness signs before the testator affixes his signature to the

will, is wholly immaterial if the same is a part of one and the same transaction. See, also, 40 Cyc. 1102.

It will be noted that our statute says nothing about the order of signing. It requires only that the writing when not wholly written and subscribed by the testator, shall be attested by two or more credible witnesses in the presence of the testator.

The opinion of the court, *In re Horn, supra,* presents the matter fully. See, too, *Chase* v. *Kittredge,* 11 Allen, 49, 87 Am. Dec. 687; *Fatheree* v. *Lawrence,* 33 Miss. 585; *Heatherington* v. *Pipes,* 32 Miss. 451. In *Walker* v. *Walker,* 67 Miss. 529, it was held that although the statute required the attestation to be in the ''presence'' of the testator, it did not require an actual immediate physical presence. The same liberal rule of construction was applied in *Murray* v. *Murphy,* 39 Miss. 214, wherein it was held that the particular part of the will on which the attesting witnesses subscribed their names was immaterial, if their names in fact were signed by the testator.

In *Miller* v. *Miller,* 96 Miss. 526, the court again applied the liberal rule of construction, and notwithstanding the language of the statute, held that it was not necessary that the attesting witness see the testator sign the will; that it was enough if the testator produced the will declared to be such, and stated that the signature thereto was his. In the same case, it was held that the signature of one subscribing witness might be affixed by the other subscribing witness, if such last witness adopted the signature as his own.

In *Bolton* v. *Bolton,* 107 Miss. 85, the court holds an attestation is good, though in the form of an acknowledgment, and on a separate sheet and not physically attached to the will. In *Armstrong* v. *Walton,* 105 Miss. 337, it was expressly held that a will which was sufficient under the English statute of frauds, was a good will in this state under our statute, and that where the name of the testator, at his request, is written into a blank form of a will in the caption thereof, the same, upon being

properly attested and being understood by all parties as a will, is a valid will.

While it is true none of the Mississippi cases mentioned deal with the exact question now before the court, they indicate clearly the liberal rule adopted by this state as to the formalities required for the execution of a valid will, and show that the statutes of this state are patterned after the English statute of frauds rather than the statute of wills of 1837, and that the courts of this state in interpreting this statute follow the rule obtaining in interpreting the statute of frauds, rather than the Act of 1837.

In 114 Am. St. Rep. 209, in the note to *Lane* v. *Lane,* Mr. Freeman reviews the authorities bearing upon the formalities in the attestation and witnessing of wills. Wills signed by the witness in point of time before being subscribed by the testator, when it is part of one and the same transaction, were declared valid in, Connecticut: *O'Brien* v. *Galaghen,* 25 Conn. 229; Illinois: *Gibson* v. *Nelson,* 181 Ill. 122, 54 N. E. 901, 72 Am. St. Rep. 254, 5 Prob. Rep. Ann. 67; Kentucky: *Sechrest* v. *Edwards,* 4 Metc. 163; *Upchurch* v. *Upchurch,* 16 B. Mon. 102; *Swift* v. *Wiley,* 1 B. Mon. 114; *Savage* v. *Bulger,* 76 S. W. 361, 25 Ky. L. Rep. 763; Maryland: *Moale* v. *Cutting,* 59 Md. 510; N. Carolina: *Cutler* v. *Cutler,* 130 N. C. 1, 40 S. E. 689, 89 Am. St. Rep. 854, 57 L. R. A. 209, 7 Prob. Rep. Ann. 559; Pennsylvania: *Miller* v. *McNeill,* 35 Pa. St. 217, 78 Am. Dec. 333; South Carolina: *Kaufman* v. *Caughman,* 49 S. C. 159, 27 S. E. 16, 61 Am. St. Rep. 808. See 49 Cent. Dig. tit. Wills, secs. 274, 325; Colorado: *Re Chapter,* 35 Colo. 578, 117 Am. St. Rep. 216, 6 L. R. A. (N. S.) 575; *Re Caray,* 56 Colo. 77, 51 L. R. A. (N. S.) 927; Michigan: *Re Ham,* 161 Mich. 20, 26 L. R. A. 1126.

Cases holding the testator must sign first include, *Lane* v. *Lane,* 125 Ga. 386, 114 A. S. R. 207; *Brooks* v. *Woodson,* 87 Ga. 379, 13 S. E. 712, 14 L. R. A. 160; *Duffie* v. *Corridon,* 40 Ga. 122; *Simmons* v. *Leonard,* 91 Tenn. 183; *Jackson* v. *Jackson,* 30 N. Y. 153; *Marshall*

v. *Mason,* 176 Mass. 216, 57 N. E. 340, 79 Am. St. Rep. 305, 5 Prob. Rep. Ann. 613; *Lacey* v. *Dobbs,* 63 N. J. Eq. 325; *Sisters of Charity* v. *Kelly,* 67 N. Y. 409.

We respectfully submit that unless the court is prepared to adopt a more strict rule than that heretofore in effect in this state and is inclined to impose technical requirements not contained in the statute, and which are not promotive of substantial justice, it will not hold that the mere fact that one of the attesting witnesses signed the will before the testator's signature has been affixed thereto, operates to defeat the will, when the execution is a part of one and the same transaction, and there is no appreciable length of time intervening between the two signatures.

ANDERSON, J., delivered the opinion of the court.

This is an appeal from the chancery court of Washington county. The question involved is the validity of the last will and testament of Mary James, deceased. Appellants Richard and Jake Gordon are contesting its validity. Appellees Sam Parker and Bertha Roberson are defending it. The trial court rendered a decree upholding the validity of the will, from which appellants prosecute this appeal.

The will in question is not holographic. It was written by another than the testatrix, and its execution and publication was attested by two subscribing witnesses, the minimum number required by our statute. The case was tried on an agreed statement of facts substantially as follows: One subscribing witness signed the attestation paragraph following the signature of the testatrix before the will was signed by the testatrix. The other subscribing witness signed after the testatrix had signed the will. The testatrix signed and published the will in the presence of the subscribing witnesses, and they attested the same in the presence of the testatrix and in the presence of each other. The signatures of all were

continuous and constituted one transaction until completed.

If the will be invalid, it is because one of the subscribing witnesses signed the will before the testatrix signed her name. Section 5078, Code of 1906 (section 3366, Hemingway's Code), provides, among other things, that wills shall be in writing, and if not wholly written and subscribed by the testator or testatrix they shall be attested by two or more credible witnesses in the presence of the testator or testatrix. There is a division among the courts on this question. There is ample authority supporting either view. The courts adhering to the rule that the statute of wills should be construed strictly hold that the signing of the will by the testator must precede attestation and subscription by the witnesses, although part of the same transaction. 40 Cyc. 1102; 1 Underhill on Wills, p. 266, par. 95.; 28 R. C. L. p. 128, par. 83. The authorities to the contrary hold that where the signing and publication of the will by the testator, and the signing by the subscribing witnesses, is all one continuous transaction, each signing in the presence of the others is sufficient, and the will is valid notwithstanding a subscribing witness may sign the will before the testator does. In the case of *Horn's Estate*, 161 Mich. 20, 125 N. W. 696, 26 L. R. A. (N. S.) 1126, 20 Ann. Cas. 1364, the authorities holding the latter view are referred to and reviewed. The question has never been decided by this court. It is therefore one of first impression in this state. However, our court has adopted a liberal construction of our statute of wills favorable to the upholding of wills so far as their execution and the formalities attending the same are concerned. *Heatherington* v. *Pipes*, 32 Miss. 451; *Fatheree* v. *Lawrence*, 33 Miss. 585; *Murray* v. *Murphy*, 39 Miss. 214; *Walker* v. *Walker*, 67 Miss. 529, 7 So. 491; *Miller* v. *Miller*, 96 Miss. 526, 51 So. 210; *Armstrong* v. *Walton*, 105 Miss. 337, 62 So. 173, 46 L. R. A. (N. S.) 552, Ann. Cas. 1916E, 137; *Bolton* v. *Bolton*, 107 Miss. 85, 64 So. 967.

The courts holding to a strict construction of the statute proceed on the theory that there can be no attestation of the fact of the signing and publication of a will by the testator until such signing and publication have actually taken place; that the subscribing witnesses are supposed to sign attesting an act which has already taken place, and not one to be performed in the future. There is, of course, a good deal of force in that position. The contrary view, however, is, and we think it supported by the better reasoned cases, that where the execution of the will by the testator and the signing of the same by the subscribing witnesses constitutes one continuous transaction, the signing by each, taking place in the presence of the others, is sufficient and is to all intents and purposes an attestation by the subscribing witnesses to a fact which has already taken place. In other words, that under those circumstances the time intervening between the placing of the different signatures to the will is not to be considered; it is too short for the law to take notice of. The statute of wills is a statute of frauds. One of the reasons wills are required to be in writing, and when not holographic to be attested by two subscribing witnesses, is to prevent frauds and perjuries. Where the execution of a will is all one continuous transaction to make the validity of the will dependent upon the testimony of bystanders that one or more of the subscribing witnesses signed the will after the testator had signed, it seems would open the door to frauds and perjuries. We are decidedly of the opinion the better view is that where the execution and publication of a will by the testator or testatrix and its attestation of the subscribing witnesses is one continuous transaction, the will is valid, notwithstanding the subscribing witnesses may sign their names before the testator does.