FELLOWS, et al. *v.* BAAS, et al.

Feb. 18, 1952.

No. 38263 (56 So. (2d) 831)

Arthur Bruce and Means Johnston, for appellants.

**Pollard & Hamner,** for appellees.

**Roberds, J.**

The three appellants filed their bill in this cause praying that (1) defendant, C. W. Baas, be required to sell trust property and pay to each of them $1,000, or (2) that said trustee be removed and another appointed and the substituted trustee be required to fulfill the trust, and (3) that Baas pay to them rentals on the trust property, all as required of said Baas under the will of his wife Mrs. Ruth Baas, and (4) that a tax sale of the trust property to appellee, Rogers, be set aside.

General demurrer of respondents was sustained and complainants appeal. The demurrer sets up a number of grounds. We do not know on what ground it was sus-

tained in the lower court. We will pass upon the points argued here which we deem sufficiently serious and doubtful to call for discussion and decision.

It is argued there is no equity on the face of the bill.

The bill alleges that Mrs. Ruth Baas, wife of appellee C. W. Baas, and sister of complainants, on October 16, 1930, executed a last will and testament, in which she named Baas as executor and trustee. One provision of the will reads: "It is my will that the residence property which I now occupy as a homestead in the City of Greenwood, Leflore County, Mississippi, known as No. 1213 Mississippi Avenue, shall be, within two years after the death, sold by my husband, C. W. Baas, at such price in excess of Three Thousand Dollars ($3,000.00) as to him shall seem meet and proper, and that out of the proceeds of the sale of the said homestead he shall give and deliver to my three sisters the aggregate sum of Three Thousand Dollars ($3,000.00) as follows: To Mrs. Malissa Roberts the sum of One Thousand Dollars ($1,000.00) to Mrs. Josie Fellows the sum of One Thousand Dollars ($1,000.-00), to Mrs. Maggie Leftwich the sum of One Thousand Dollars ($1,000.00), and to my said husband, C. W. Baas, shall retain for himself all of the proceeds of the said sale of said homestead in excess of the said sum of Three Thousand Dollars ($3,000.00)."

Item II devises to Baas all of testator's real property in Leflore County, Mississippi, not devised in Item I "to have and to hold as trustee, in trust to the following uses and purposes, to-wit:

"The said trustee shall, during his lifetime handle the said real estate in such manner as he may see fit, and it is my will that my said husband, C. W. Baas, shall have full and complete authority to sell for cash, or on such terms as he may see fit, mortgage or in any manner dispose of any part, or all of the property herein bequeathed to him in trust, and shall deliver to my said three sisters such part of the net income from the estate hereby bequeathed in trust as he may see fit, and it is my will that

the said C. W. Baas shall have full right, power and authority to have all necessary repairs and replacements made on any of the property hereby bequeathed in trust, and shall exercise as full and complete power and authority over all of the said trust estate as I, myself, might do if personally present, it being my intention only that my said husband shall deliver to my said sisters during his lifetime such net amounts out of the income of said estate as he may see fit, whether the same may be by him sold and converted into personal property or not, my said husband having the right to sell and reinvest the said property."

Item IV of the will is as follows: "Upon the death of my said husband, C. W. Baas, all of the property that might be held by him as trustee aforesaid, shall be equally divided between any of my said sisters, who might be living at that time, and such sisters of my said husband, C. W. Baas, as might be living at the time of his death. The names of the sisters of my said husband, C. W. Baas, are as follows: Mrs. Julia Davidson, Mrs. Minnie Steingruber, Mrs. Lena Parmin and Mrs. Katie Unterreinter. It is my intention that none of the heirs of the said sisters shall take by representation, and that the said trust estate in the hands of the said C. W. Baas at the time of his death shall vest in only such of the above mentioned sisters of myself and of my said husband as may be living at that time."

The will then devises and bequeaths to Baas all other property of testatrix not specifically devised and bequeathed above. It appoints Baas executor and trustee without bond, directing him to "take over the administration of the said trusteeship immediately upon the conclusion of his duties as executor under this will". He is relieved of the necessity of giving bond and accounting to court, testatrix saying she reposed the utmost confidence in him.

Mrs. Ruth Baas departed this life in December, 1930. A few days thereafter C. W. Baas, by petition, presented

the foregoing instrument to the chancery court of Leflore County and asked for the probate thereof and that he be appointed executor and trustee, which was done.

Testatrix left some twelve pieces of real property in the City of Greenwood, including her home, in which she and Baas resided, and in which, it appears from the bill, he has continued to reside and was so residing at the time of the filing of the bill herein.

The bill avers that Baas took charge of all of the property of the estate and has sold the above real property except the home; that he falsely represented to complainants they had no interest whatever under the will; that complainants range in age from 66 to 79 years of age; that they are very poor people; that the three live in a run-down house near the city limits of Greenwood; that they did not know they had an interest in the property; they relied upon the statements of Baas; that they have been living off of public charity; that recently Baas came to them to get them to sign a quitclaim deed to the homestead property, and they then investigated and found they are entitled to have the home place sold and each be paid $1,000 from the proceeds thereof.

Baas takes the position that complainants have no vested interest in any property of testatrix under the will; that it is within his discretion as to whether he will sell the home place. The contention is not well taken. It is not within the discretion of Baas, under the terms of the will, as to whether he will sell that property. The will provides that it be sold and complainants be paid $3,000 out of the proceeds. Baas says it is not shown the property would bring $3,000 at a sale. If not, then complainants are entitled to their respective proportions in the purchase price. Apparently, it is worth much more than that sum, but, if not, that would not defeat the rights of complainants to the proceeds thereof. We have directed what we have said to the rights of complainants in what is called the homestead property. We do not decide whether they are vested with an interest in other

property of the testatrix. The interest they have in the homestead is enough to meet the argument that they show no vested interest in the property left by the testatrix.

Baas says the bill shows that the property at 1213 Mississippi Avenue, on which complainants endeavor to impress a lien, was the homestead of Mrs. Ruth Baas and appellee, C. W. Baas, and that it is his homestead now, and that he has the right to claim it as such homestead and defeat the rights of complainants under the will thereto. Baas has not renounced the will. On the other hand, he had it probated, got himself appointed executor and trustee and has proceeded to sell all of the property except this homestead, and would have sold that, according to the bill, but the prospective purchaser demanded that complainants convey their interest in the property. Baas has accepted all benefits under the will. He cannot accept part of its provisions and renounce others. Kelly v. Alred, 65 Miss. 495, 4 So. 551.

Baas pleads the ten-year statute of limitations. He has not filed a final account as trustee, nor has he renounced the trust. The statute of limitations has never become operative against complainants as beneficiaries under the will. Bailey v. Sayle, 206 Miss. 757, 40 So. (2d) 618.

Baas pleads laches. Laches is not mere delay but delay that works a substantial disadvantage to another. Bailey v. Sayle, supra. No disadvantage to Baas is shown here. On the other hand, the delay has been of great benefit to him. He has been using the property all of this time.

The homestead property sold for taxes September 20, 1937, to appellee, J. W. Rogers. The bill charges, and, of course, the demurrer admits, that this sale was by collusion between Baas and his stepson Rogers; that Baas had a large sum of money in his possession from the handling of the trust property in which complainants had an interest; that it was his duty to pay the taxes, and

he wilfully failed to do so with the intent of defrauding complainants out of their interest therein; that he furnished to Rogers out of the trust funds the money with which to pay the taxes; that Rogers was acting for Baas, and that Baas has admitted that Rogers has made to him, Baas, a deed to the property, which deed Baas, with intent to deceive and defraud, has refused to place of record. Under that charge the interest and rights of complainants in the property sold for taxes have not been lessened or affected as between them and respondents.

Reversed and remanded.

**Hall, Lee, Kyle** and **Ethridge, JJ.,** concur.