PATTERSON, Chief Justice,
for the Court:
Emma Lou Miller Kuhne, Sara Evelyn Miller Savage, daughters of Moses Clark Miller, deceased, and Alan Lawrence Giffin, Keith Miller Giffin, Phyllis Adele Giffin Hobson, and Marilyn Renee Giffin, grandchildren of Moses Clark Miller, contested the probation of his will. They alleged, among other things, that Miller lacked testamentary capacity to make the will and was unable to comprehend its terms and effects. Mrs. Ruth McClellan Miller, widow of the testator, executrix of the will and the stepmother and stepgrandmother of the contestants, responded to the contest. by denying the lack of testamentary capacity and by pleading, among other defenses, that the contestants were estopped to bring the action because they had accepted a beneficial interest under the will. The estoppel issue is dispositive of the case since the other issues are dependent upon its resolution.
Miller’s will of November 23, 1976,[1] devised to his widow the “maximum marital deduction allowable under the Federal Estate Tax laws with reference to my estate” and left the determination of the deduction to the “sole discretion of the executrix.” Subsequent provisions of the will devised “all the rest, residue and remainder of my estate” to his surviving daughters and to the children of his deceased daughter Marilyn Miller Giffin, subject, however, to a life *730 estate devised to Ruth McClellan Miller, his widow.
Among the residue devised to the children and grandchildren of Miller was real properties in Winston and Jasper Counties of this state. This realty was not included in the marital deduction selected by the widow but was nevertheless burdened by the life estate devised to her. Thereafter, on September 14, 1977, Mrs. Miller formally disclaimed her life estate in the Winston and Jasper County properties and by separate instrument, a quitclaim deed, executed and delivered to the appellants her interest in them. In each instrument there is a reference to Mrs. Miller’s purpose in their execution. The disclaimer expressed the purpose as “an effort to carry out expeditiously as may be done, the will of Moses Clark Miller” and the deed stated the purpose to be “in pursuance of the last will and testament of the said Moses Clark Miller.”
There were two petitions contesting the will. In the first, a plea of estoppel was overruled because there was much doubt as to whether the contestants had accepted the quitclaim deed; however, a demurrer to the petition was sustained resulting in an amended petition contesting the will. Again a plea of estoppel was interposed which was sustained following hearing. The court concluded the contestants had accepted the deed and by retaining it were attempting to maintain a position inconsistent with their contest. The trial court gave the contestants five days in which to return the deed if they desired to contest the will. This offer was rejected by the contestants and the plea of estoppel was sustained.
We are of the opinion the trial court did not err in sustaining the plea of estoppel because the petitioners’ acceptance of the quitclaim deed with knowledge that it flowed directly from the terms of the will as evidenced by the recitals in the disclaimer and the deed, left the court no alternative under our authorities and the general law elsewhere.
In West v. West, 131 Miss. 880, 95 So. 739 (1923), it was held that where benefits or provisions of a will were accepted by the executor, he was estopped to assert the invalidity of the devise to him. The Court stated:
Having done this on the one hand, he could not on the other hand claim it to be invalid in any particular.
(131 Miss. at 892, 95 So. at 741)
The Court quoted with approval the following statement from Utermehle v. Norment, 197 U.S. 40, 25 S.Ct. 291, 49 L.Ed. 655, 3 Ann.Cas. 520:
“As to what is the law relating to a party taking the benefit of a provision in his favor under a will, there is really no foundation to dispute the proposition that he thereby is precluded from, at the same time, attacking the validity of the very instrument under which he received the benefit.”
(131 Miss. at 892, 95 So. at 741)
This same theory is expressed in Fellows v. Baas, 213 Miss. 346, 56 So.2d 831 (1952), in a somewhat analogous situation, as follows:
Baas has accepted all benefits under the will. He cannot accept part of its provisions and renounce others. .
(213 Miss. at 355, 56 So.2d at 834)
More recently, in Monroe v. Holleman, 185 So.2d 443 (Miss.1966), we held with regard to the contractual obligations of a joint will, the following:
After having carefully considered the evidence in this case and the terms of the will here involved, we are convinced that the instrument is a mutual and reciprocal will and is contractual in nature. We hold, therefore, that Maggie Lou Holle-man was estopped to repudiate the agreement contained in the will, and that she could not defeat the clear intention of the will by giving a large part of the estate to her family in preference to that of her husband’s family.
(185 So.2d at 449)
The appellants contend, however, that their acceptance of the deed conveying the life estate was a gift from the widow and was not a devise of the will. While it may be true the appellants are technically the grantees of a devisee and as such are not *731 direct devisees, we think it cannot be stated with practicality that the appellants are anything but direct beneficiaries under the will because the very instrument accepted by them referred to the will and stated the deed was made pursuant to it. Moreover, the disclaimer contained similar or stronger language of its purposes.
The life estate devised to the widow flowed directly to the remaindermen through the deed as the result of an effort by the executrix to carry out its meaning and import. Under the will the contestants received in their respective capacities a one-third remainder interest in the Winston and Jasper County property under the same instrument in which the widow received a life estate. Had there been no will, the contestants’ interest per stirpes would have been reduced to an undivided one-fourth interest to each of the surviving children, a similar one-fourth interest to the heirs of the deceased daughter with the widow also receiving a one-fourth undivided interest. However, if not estopped and the contestants pursue their petition with success, there will be a different result because the one-fourth undivided per stirpes interest would be enhanced by the terms of the quitclaim deed held by the contestants. In that event, the respective contestants would receive by the deed a one-third interest to each daughter and a one-twelfth interest to each of the grandchildren without, of course, being burdened with the life estate. We conclude, as did the trial court, that the appellants’ positions are inconsistent, and they are es-topped to contest the will, having received a benefit directly from it. Burnett Nat’l Bank of Jacksonville v. Murrey, 49 So.2d 535 (Fla.1950), Pournelle v. Baxter, 151 Fla. 32, 9 So.2d 162 (1942), and Stone v. Cook, 179 Mo. 534, 78 S.W. 801 (1904). To hold otherwise would only be to invite an inequitable result.
It is next argued that the interest received by the contestants did not exceed their intestacy share and by executing the disclaimer and quitclaim deed the widow relinquished nothing of substantial value. We are not impressed with this contention because the issue presented is not whether the widow deprived herself of something of value, though we think she did, but whether the contestants accepted a devise under the will, thereby acknowledging its authenticity. Whether that received was in excess of that which they would have received as heirs under the law is problematical because the dollar value to the remaindermen for the removal of an encumbering life estate is highly speculative inasmuch as it would fluctuate with the desires, needs and age of the life tenant. It must be considered also in conjunction with the alternative of there being no will, leaving the widow with an undivided interest which could be alienated or used as the basis for a partition suit. Undoubtedly, the elimination of such probability had value to the contestants although incapable of a specified amount.
Perhaps the best evidence of its value is the refusal of the contestants to return the deed whether it be deemed a gift or a devise. Had the status quo been revived by its return the trial court would have permitted the contest of the will as it had stated. In our opinion, sound policy requires a return of the benefits accepted through a will as a prerequisite to a contest of the same.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
APPENDIX
LAST WILL AND TESTAMENT OF MOSES CLARK MILLER
******
ITEM II.
I devise and bequeath to my beloved wife, RUTH McCLELLAN MILLER, all of my corporeal, tangible, personal property, including my clothing, books, jewelry, automobiles, and other items of personal use and adornment.
*732 ITEM III.
I devise and bequeath to my said wife, RUTH McCLELLAN MILLER, property equal in value to the maximum marital deduction allowable under the Federal Estate Tax laws with reference to my estate, provided, however, that the amount so devised and bequeathed shall be reduced by the value of the property qualifying for said marital deduction which passes or has passed to my said wife either under other provisions of this Will or outside of this Will (including life insurance payable to her as named beneficiary, and bank accounts, bonds and real property owned by my said wife and me as joint tenants with full rights of survivorship). No assets shall be included within this devise and bequest which do not qualify for said marital deduction. The determination as to what property of my estate shall constitute this devise and bequest shall be left to the sole discretion of the executrix, but the cash and other property selected in satisfaction of such devise and bequest shall have an aggregate fair market value fairly representative of the distributee’s proportionate share of the appreciation or depreciation in the value to the date, or dates, or distribution of all property then available for distribution. All values shall be those finally determined for Federal Estate Tax purposes. The amount of assets comprising this devise and bequest shall be determined before there is a reduction of my estate by reason of inheritance, estate or transfer taxes due by reason of my death.
While testator recognizes that legally my wife has full and complete authority to dispose of said property as to her will and desire, yet it is my hope that she may see fit, to dispose of any remainder of this devise as follows: to my stepson, Dr. Charles Blue, Vi; Mrs. Emma Lou Miller Kuhne, Vi; Mrs. Sara Evelyn Miller Savage, Vi; and to the children of my deceased daughter, Mrs. Marilyn Miller Giffin, an undivided Vi interest collectively or a Vie interest each in said devise.
ITEM IV. .
I give, devise and bequeath all the rest, residue and remainder of my estate wheresoever located as follows:
To my wife, RUTH McCLELLAN MILLER, a life estate in said residue of my estate.
To my two daughters, Mrs. Emma Lou Miller Kuhne, and Mrs. Sara Evelyn Miller Savage, and to the children of my deceased daughter, Mrs. Marilyn Miller Giffin, the remainder interest in said residue of my estate in the following proportions:
To Mrs. Emma Lou Miller Kuhne, and to Mrs. Sara Evelyn Miller Savage, an undivided Vs interest each in the remainder of the residue of my estate; and to the children of my deceased daughters, Mrs. Marilyn Miller Giffin, an undivided Vs interest collectively in the remainder of the residue of my said estate, or an undivided V12 interest each in the remainder of said residue.
* * * * * *

. See Appendix.