IRVING, J.,
for the Court:
¶ 1. This is the case of a will contest filed by Henry McDevitt, Jr. The proponent of the will is Henry’s sister, Elizabeth Ann McDevitt. Henry filed a motion for summary judgment on the ground that the will was not attested by two credible witnesses in the presence of the testator as required by Miss.Code. Ann. § 91-5-1 (Rev.1994), in the case of non-holographic wills. Elizabeth filed a counter motion for summary judgment claiming that Henry was es-topped to deny the validity of the will because he had received certain bequests under the will. The chancellor granted Henry’s motion for summary judgment and converted the probate to an intestate administration. Aggrieved by this decision, Elizabeth appealed.
FACTS
¶2. On July 13, 1988, Henry Sproul McDevitt, the decedent, executed a document purporting to be his last will and testament. This will bequeathed certain guns to Henry and bequeathed the balance of the estate equally to Elizabeth and Henry.
¶ 3. On October 26, 1994, Henry Sproul McDevitt executed another document purporting to be his last will and testament. The execution of this will took place in decedent’s hospital room. It was delivered ' to the decedent by Jane DeAngelo, an employee of G.K. Mihalyka, the decedent’s attorney and preparer of the will. It bequeathed the same guns to Henry, Jr. as did the 1988 will and provided that the balance of the estate should go to Elizabeth. Jane DeAngelo and G.K. Mihalyka signed said will as witnesses to its execution. Mihalyka was not present at the hospital at the time the will was executed by the testator, nor did he attest the will in the presence of the testator. Mihalyka admits attesting the will in his law office while the testator was still in the hospital.
¶ 4. On November 15, 1994, Sproul McDevitt, Sr. expired. On December 9, 1994, the October 1994 will was admitted to probate.
¶ 5. Shortly afer the decedent’s death, Henry received all of the guns, except one, that had been bequeathed to him in both wills.
¶ 6. On or about August 11, 1995, Henry filed a replevin in the County Court of Warren County seeking to recover the additional gun bequeathed to him in both the 1988 and 1994 wills, along with certain other items he claimed belonged to him though not included in either of the wills. The replevin was transferred to chancery court where the estate was pending. On October 27, 1995, eleven months after the opening of the estate by Elizabeth, Henry brought an action contesting the October 1994 will. At the time of filing his will contest, Henry had not tendered the return of the bequests which he had received pursuant to the terms of the will. He did not make a tender of the return of the bequests until August 8,1996.
¶ 7. Henry filed a motion for summary judgment and Elizabeth filed a counter-motion for summary judgment. On December 4, 1996, the chancellor granted partial summary judgment to Henry on the issue of attestation and proper execution of the will. On April 2, 1998, the chancellor denied Elizabeth’s affirmative defense of estoppel, thereby allowing Henry to contest the October 1994 will. A final order was entered converting the probate to an intestate administration.
*1127 ¶ 8. Finding no error, we affirm the decision of the chancellor.
ISSUES
¶ 9. The issues in this case, taken verbatim from Elizabeth’s brief are as follows:
I. WHETHER OR NOT THE EXECUTION AND ATTESTATION OF THE SUBJECT WILL SUBSTANTIALLY COMPLIED WITH STATUTORY REQUIREMENT, THUS ENTITLING THE WILL TO PROBATE?
II. WHETHER OR NOT CONTESTANT (APPELLEE) WAS ES-TOPPED FROM CONTESTING THE WILL?
DISCUSSION OF THE LAW
I. DID THE CHANCELLOR ERR IN FINDING THAT THE WILL DID NOT COMPLY WITH STATUTORY REQUIREMENTS RENDERING IT INVALID?
¶ 10. As an appellate court, we will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, or an erroneous legal standard was applied. American Funeral Assurance Company v. Daisy Hubbs, Administratrix of the Estate of Lucille Kitchens, Deceased, 700 So.2d 283, 285 (Miss.1997) (citing Herring Gas Co. v. Whiddon, 616 So.2d 892, 894 (Miss.1993)). We hold that the chancellor’s findings on this issue were supported by substantial evidence and affirm his judgment.
¶ 11. Elizabeth contends that while it is true that the attestation of the will by G.K. Mihalyka occurred outside the testator’s physical presence, Mihalyka’s role as the draftsman of the will and his long time familiarity with the testator and his handwriting provided him with the assurances that the document was indeed the will of the testator. She argues that to deny probate of the will under these circumstances is to exalt form over substance. Citing Gordon v. Parker, 139 Miss. 334, 334, 104 So. 77, 77 (1925) and its holding that “our court has adopted a liberal construction of our statute of wills favorable to the upholding of wills so far as their execution and the formalities attending the same are concerned.” She urges this Court to adopt a view of “substantial compliance.” In support of her argument for a holding of substantial compliance Elizabeth cites a number of authorities and makes a number of passionate arguments. However, the -wills in question in all of her cited authorities included one important fact situation which is missing from the case at bar; that is, the wills were all attested to in the presence of the testator as required by Miss. Code Ann. § 91-5-1 (Rev.1994) which reads as follows:
Every person eighteen (18) years of age or older, being of sound and disposing mind, shall have power, by last will and testament, or codicil in writing, to devise all the estate, right, title and interest in possession, reversion, or remainder, which he or she hath, or at the time of his or her death shall have, of, in, or to lands, tenements, heredita-ments, or annuities, or rents charged upon or issuing out of them, or goods and chattels, and personal estate of any description whatever, provided such last will and testament, or codicil, be signed by the testator or testatrix, or by some other person in his or her presence and by his or her express direction. Moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two (2) or more credible witnesses in the presence of the testator or testatrix, (emphasis added).
¶ 12. The Mississippi Supreme Court entertained the question of the necessity of witnesses attesting a will in the presence of the testator or testatrix in Batchelor v. Powers, 348 So.2d 776, 777 (Miss.1977), and held as follows:
The history of will contests in Mississippi supports the view that the requirements that there be two attesting wit *1128 nesses to a will and, moreover, that it be attested by them in the presence of the testator, and that such attestation be evidenced by the affixation of their signatures to the document, are indispensable safeguards of the integrity of testamentary documents, (emphasis added).
¶ 13. We hold, therefore, that this issue is without merit.
II. DID THE CHANCELLOR ERR IN FINDING THAT HENRY WAS NOT ESTOPPED FROM CONTESTING THE WILL?
¶ 14. The chancellor’s determination that Henry was not estopped from contesting the will is a conclusion of law. In reviewing assignments of errors of law, this Court proceeds de novo. Cooper v. Crabb, 587 So.2d 236 (Miss.1991).
Notwithstanding our respect for and deference to the trial judge, on matters of law it is our job to get it right. That the trial judge may have come close is not good enough.
Id. at 239.
¶ 15. Elizabeth contends that Henry’s failure to tender the return of his bequest under the will prior to his filing the will contest constituted a knowledgeable election of remedies and he is therefore estopped from contesting the will. She relies on the authority of Kuhne v. Miller, 387 So.2d 729 (Miss.1980) in asserting that a tender of legacy should be made prior to filing a will contest and failure to do so defeats a claim by estoppel.
¶ 16. Kuhne involved a case of will contestants, who, under a will were to receive a one-third remainder interest in certain properties. The testator’s widow was to receive a life estate in said properties. The will contestants had accepted the widow’s quitclaim deed conveying her interest in such properties to the contestants with the knowledge that the deed flowed directly from the terms of the will. There were two petitions contesting the will. In the first, a plea of estoppel was overruled because there was much doubt as to whether the contestants had accepted the quitclaim deed; however, a demurrer to the petition was sustained resulting in an amended petition contesting the will. Again a plea of estoppel was interposed which was sustained following a hearing. The court concluded that the contestants had accepted the deed and by retaining it were attempting to maintain a position inconsistent with their contest. The court gave the contestants five days in which to return the deed if they desired to contest the will. This offer was rejected by the contestants, and the plea of estoppel was sustained. The Mississippi Supreme Court held that, “We are of the opinion that the trial court did not err in sustaining the plea of estoppel because the petitioners’ acceptance of the quitclaim deed with knowledge that it flowed directly from the terms of the will as evidenced by the recitals in the disclaimer and the deed, left the court no alternative under our authorities and the general law elsewhere”. Id. at 730.
¶ 17. The obvious distinction between Kuhne and the case sub judice is the fact that Henry, the contestant, was ready and willing to return his bequest under the will. Elizabeth’s argument that Henry’s tender was untimely and unreasonable and would give Henry an inordinate amount of time is without merit.
¶ 18. This Court agrees with Henry that the law relating to estoppel in the context of a will contest is not well developed in Mississippi. However, there is authority to be found on the issue of estoppel. One such authority is Christian Methodist Episcopal Church v. S & S Construction Company, Inc., 615 So.2d 568 (Miss.1993) which holds as follow:
Equitable estoppel precludes a party from denying a material fact which he has previously induced another to rely upon, whereby the second party changed his position in such a way that he would suffer injury if denial was allowed. Es-toppel is based on “public policy, fair dealing, good faith and justice.” Where it would be substantially unfair to allow *1129 a party to deny what he has previously induced another party to believe and take action on, equitable estoppel may be enforced. Subjective intent to mislead is unnecessary, so long as the acts of the party sought to be estopped, viewed objectively, were calculated to and did mislead the other party. The party asserting equitable estoppel must shoiv that he has changed his position, to his detriment, in reliance upon the conduct of another.
Id. at 571. (citations omitted) (emphasis added).
¶ 19. We are hard-pressed to find that Elizabeth is entitled to a favorable ruling on her estoppel plea under this holding. The judgment of the chancery court is affirmed.
¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ, CONCUR.