VAN BRUNT, P. J. The ground upon which the order of arrest in this case was issued was undoubtedly because of the misappropriation by the de- fendant of money claimed to have been received in a fiduciary capacity. The complaint does not contain the allegations required by section 549 of the Code, which are necessary to sustain an order of arrest. *Bartlett* v. *Sutornis*, 6 N. Y. Supp. 406. The order appealed from should be reversed, with $10 costs and disbursements. All concur.

---

BRADHURST *v.* FIELD *et al.*

(*Supreme Court, General Term, First Department.* June 6, 1890.)

1. DOWER—DEVISE IN LIEU OF—ELECTION.
   3 Rev. St. N. Y. (7th Ed.) p. 2198, § 14, as amended by Act 1890, provides that a woman shall have one year from the death of her husband in which to elect whether she will take dower or accept a provision for her in his will, and that where the year has begun to run and has not expired the time for election may be enlarged by order of court upon an affidavit showing the pendency of proceedings to contest or construe the will, or other reasonable cause therefor. By a codicil, a testator re- voked a trust created in favor of the wife, and directed that his trustees should "pay to her the sum of $10,000" in lieu of dower. *Held,* that an action by the wife to construe the will, brought to enforce her contention that she was entitled to $10,000 annually, could not be sustained, both because she had only a legal interest in the estate, and because it was entirely clear that she was only to receive $10,000 in all, and therefore an order extending the time within which she might make her election until 50 days after the termination of such action was improper.

2. SAME.
   But as, pending such action, the wife had allowed the year to expire without making an election, it was proper to make an order giving her a reasonable time in which to make such election.

Appeal from special term, New York county.

Action by Laura F. Bradhurst against Augusta C. Field and others, to construe the will of Thomas C. P. Bradhurst, of which defendants were the executors. From an order extending the time within which plaintiff should be required to elect whether she should take dower in the estate of the testator or accept a provision made in lieu thereof defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Charles E. O'Connor* and *Abram Kling,* for appellants. *J. F. Kernochan,* for respondent.

DANIELS, J. The testator died on the 27th of March, 1889, leaving the plaintiff, his widow, surviving him, and the act under which this order was made became a law shortly before the making of the order. Three days prior to the expiration of one year in which, under the Revised Statutes, (7th Ed. p. 2198, § 14,) the widow was required to elect whether she would accept

her dower, or the provision contained for her benefit in the will of the testator, the order to show cause was made, upon the hearing of which the order in question was made by the court. The law as it has been amended by this act is in the following language: "Sec. 14. When a woman shall be entitled to an election, under either of the two last sections, she shall be deemed to have elected to take such jointure, devise, or pecuniary provision, unless within one year after the death of her husband she shall enter on the lands to be assigned to her for her dower, or commence proceedings for the recovery or assignment thereof. Where the time within which such election may be made has begun to run, and has not expired, it may be enlarged by the order of any court competent to pass upon the accounts of executors, administrators, or testamentary trustees, or to admeasure dower, upon an affidavit showing the pendency of a proceeding to contest the probate of the will containing such jointure, devise, or pecuniary provision, or of an action to construe or set aside such will, or that the amount of claims against the estate of the testator cannot be ascertained within the period so limited, or other reasonable cause therefor. Notice of application for such order shall be given to such persons as the court may direct, and such order, when granted, shall be recorded and indexed in the same manner, and as a notice of the pendency of action, in the office of the clerk of each county wherein such lands, or any part thereof, are situated." And the intention animating it is that there shall be reasonable cause for making the order before any extension shall be made of the period within which the widow is required to make this election. That is substantially expressed by the act itself, providing that the order may be made upon either of the facts mentioned in the act, or other reasonable cause. And that is also required by the rules of practice applicable to all legal proceedings; for they are placed upon reasonable grounds, and unless such ground appears in support of the order, as a general principle, it will neither be made nor sustained. This principle of construction is specially applicable to orders made under this act; for their effect must be to arrest the settlement of the estates of deceased persons, the distribution of the property, and the payment of legacies; and the interruption of the ordinary course of proceedings should not be allowed to take place without some adequate reason to support it, and whether such a reason may be discovered must depend upon the statements contained in the papers upon which the order shall be made.

The will of the testator did provide and direct, by its third paragraph, that the executors and trustees of the estate should invest in government bonds of the United States, or securities of the city, county, or state of New York, or upon unincumbered real estate in the city of New York, an amount of money which should be sufficient to realize an income of $3,000 annually, and to pay that income in semi-annual payments to Mrs. L. F. Seyton during the term of her natural life. The beneficiary named in this part of the will is the plaintiff in this action, who at that time had not intermarried with the testator; but, by a codicil executed afterwards by him, he revoked this third clause of the will, and then directed his trustees to pay to her the sum of $10,000 in lieu of dower in his estate. These two paragraphs of the codicil are in these words: "*Third.* I have, by the third clause of my will, provided that there shall be paid to Mrs. L. F. Seyton, during the term of her natural life, the sum of three thousand dollars, and as I have, since my making of my said will, become married to her, and have since my said marriage advanced to her large sums of money, and as it is my object and purpose to secure her such further sum as may be necessary for her support, I therefore revoke and declare void the said third clause or subdivision of my said will, which provides for the payment of the said sum of three thousand dollars to said Mrs. L. F. Seyton, and each part thereof. *Fourth.* I further provide and give, devise and bequeath, to my said wife and direct that my said trustees shall pay to her the sum of ten thousand dollars, and the same shall

be in lieu of dower in my said estate." By the first, the trust mentioned in the third paragraph of the will was completely and entirely revoked, and by these two paragraphs of the codicil, which alone apply to the interest intended to be provided for the plaintiff in the estate, an absolute gift, instead of the preceding trust, is what the testator has provided in her behalf. And as no trust was left in the will, or created by the codicil when that was executed, the plaintiff can be entitled to no more than a legal interest in this estate, and no claim or right of action had matured to her as a legatee under the will at the time when her suit was commenced, and, having only this legal interest in the estate, she was not entitled to bring this action as it has been commenced by her, for the object of securing a construction of the will and codicil of the testator, as to her rights or interests under them, and on that account her complaint, as well as the facts averred in it, are insufficient to present a right of action in her behalf.

This subject has frequently employed the attention of courts of justice, and it was considered in the late case of *Anderson* v. *Anderson,* 112 N. Y. 104, 19 N. E. Rep. 427, where the law was stated to be that "the jurisdiction of courts of equity, in considering doubtful or disputed clauses in a will, has been held, with entire uniformity by the courts of this state, to result from its jurisdiction over trusts, and that exists only when the court is moved on behalf of an executor, trustee, or *cestui que trust,* and to enforce a correct administration of the power conferred by the will." 112 N.Y. 110, 19 N. E. Rep. 430. This is not such an action. Neither has it been authorized by any law or statute of this state. But if it were otherwise, instead of having a reasonable cause to support it, the construction of the will and codicil is in direct hostility to the right claimed by the plaintiff. In support of her action, she has asserted her right to receive from the estate the sum of $10,000 annually during her life, in lieu of her dower. But that assertion derives no support from the language of this codicil, but, on the contrary, all that the testator has done in his final direction was that the trustees of his estate should pay to the plaintiff the sum of $10,000. This was a gross amount, intended to be paid to her at one and the same time, and then to be in lieu of her dower in his estate. That there was no misapprehension in the mind of the testator as to the use and import of this language further appears from the third paragraph of the codicil, in which he has stated it to be his object to secure to the plaintiff "such further sum as may be necessary for her support." These are the only occasions in which reference is made to the amount intended to be received by her, and in each instance it is designated as a single sum of money, and amounting to the sum of $10,000. The language is entirely free from ambiguity, leaving no good reason for doubt as to its construction and effect, and it is in direct conflict with the claim made by her for an annuity of $10,000. Upon this ground, as well as the other, there is no reasonable foundation for the prosecution by her of this action, and, on account of that deficiency in the case, it will be entirely unjustifiable to postpone the execution of the testator's will, and the distribution of his estate until the termination of this action. But as it has been commenced, and under its pendency the plaintiff has allowed the year to expire without making the election to which she became entitled, the order should not be entirely reversed, but she should still be afforded a reasonable opportunity to make the election in this manner secured to her by the law; and, extending her time to exercise her choice for the period of 60 days after the entry and service of the order to be made upon this decision, ample time will be given to her for the protection of all her rights and interests in this estate. This order should be modified by so reducing the time within which the plaintiff shall make her election whether she will accept the provision contained in the codicil, or take her dower in the estate of the testator, and that modification should be, without costs. All concur.