BRADHURST *v.* FIELD *et al.*

(*Supreme Court, General Term, First Department.* January 13, 1891.)

WILLS—REVOCATION BY CODICIL—CONSTRUCTION.

    Testator, in the third paragraph of his will, directed his trustees to invest money sufficient to realize an income of $3,000 annually, and to pay the whole semi-annually to plaintiff during her life. After his marriage with plaintiff, testator executed a codicil to his will, which, after reciting the fact of large advancements by him to her, and his object and purpose to secure such further sum as might be necessary for her support, proceeded as follows: "I therefore revoke and declare void the said third clause or subdivision of my said will, which provides for the payment of said sum of $3,000 annually to [the plaintiff,] and each part thereof;" and by the next paragraph gave and bequeathed, and directed his trustees to pay, to the plaintiff "the sum of $10,000, and the same shall be in lieu of dower in my estate." *Held*, that the codicil substituted, for the payment of an annual sum, the payment, in lieu of dower, of the sum of $10,000 in gross, not an annual payment of $10,000.

    Appeal from special term, New York county.

    Action by Laura F. Bradhurst against Augusta C. Field and others, to construe the will of Thomas C. P. Bradhurst, of which defendants are the executors. The contention of the plaintiff was that a devise of the sum of $10,-000 to her, in lieu of dower, was intended by the testator as a devise of that sum annually, and not in gross. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. For former report, see 10 N. Y. Supp. 452.

    Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

    J. *Frederic Kernochan*, (*Austen G. Fox*, of counsel,) for appellant. *Charles E. O'Connor*, *Charles A. Jackson*, and *Daniel P. Hays*, for respondents.

    DANIELS, J. What the plaintiff designs to accomplish by this action is the appropriation of so much of the estate of the testator to the creation of a trust as will secure from its proceeds to her the sum of $10,000 annually during her natural life; and whether it can be maintained by her must depend upon the construction which the will and codicil of the testator should receive. The will was executed by him prior to his intermarriage with her; and by its third paragraph he directed his trustees, immediately after his decease, to invest an amount of money sufficient to realize an income of $3,000 annually, and to pay the whole of this income in semi-annual payments to the plaintiff during the term of her natural life. The codicil was made and executed after the testator intermarried with the plaintiff, and by its third paragraph he stated that since the making of his will he had advanced large sums of money to the plaintiff, and that it was his object and purpose to secure to her such further sum as might be necessary for her support. He then proceeded as follows: "I therefore revoke and declare void the said third clause or subdivision of my said will, which provides for the payment of said sum of three thousand dollars to said Mrs. L. F. Seaton, and each part thereof." And by

the next paragraph he provided, gave, devised, and bequeathed to the plaintiff, and directed his trustees to "pay to her, the sum of ten thousand dollars, and the same shall be in lieu of dower in my said estate." By these paragraphs of the codicil the directions inserted in the will for the benefit of the plaintiff were entirely abrogated. That was clearly the design and intention of the testator, for he stated that he revoked and declared void the third clause or subdivision of the will, which had made the only provision contained in it for the plaintiff's benefit, and that rendered her entirely dependent upon the codicil itself. And by the codicil she was expressly restricted to the sum of $10,000, to be paid directly to her by the executors. No trust whatever was provided for, but an ascertained sum of money was directed to be paid over to her. , This was the extent of the provision made for her benefit, and there is no language either in the will or the codicil that will justify its enlargement. It was not a provision in addition to that mentioned in the will that the testator intended to make, but it was a provision for her benefit, in addition to the large sums of money stated by him to have been advanced to her after their marriage; and this addition he has declared to be the sum of $10,000.

It is contended that, in view of the relation of the plaintiff to him, as well as of the advantage previously declared in the will itself, the word "annually" should be added to the direction given by the testator for this payment; but neither of the instruments discloses any fact or circumstance indicating that to have been the testator's intention; and it would be a violation of the language employed by him, and to substantially make a new will, for the court to add this word to his directions. It is true that words and limitations may, under certain circumstances, be supplied to the will of a testator. *Phillips* v. *Davies,* 92 N. Y. 199. But that is only authorized to be done where from the will, or the circumstances attending its execution, the intention of the testator can be seen to require it. It is his intention which the law requires to be carried into effect, so far as it can be gathered or ascertained from what he has declared. *Hard* v. *Ashley,* 117 N. Y. 606, 23 N. E. Rep. 177; *Colton* v. *Colton,* 127 U. S. 300, 8 Sup. Ct. Rep. 1164; *Roe* v. *Vingut,* 117 N. Y. 204, 22 N. E. Rep. 933; *McKenzie* v. *Ashley,* 145 Mass. 577, 15 N. E. Rep. 88; *Metcalf* v. *First Parish, etc.,* 128 Mass. 370. But neither of these authorities nor the principle which they maintain will authorize the court to proceed any further than to discover and follow the testator's intention. Here that has been plainly evinced, in language which is free from ambiguity; and it was that the plaintiff should receive from the trustees the sum of $10,000, and no more; and that was the conclusion intimated when this case was upon another occasion ,before this court, the decision upon which is contained in 10 N. Y. Supp. 452. The demurrer to the complaint was rightly maintained, for it does fail to state facts presenting a cause of action; and the judgment should be affirmed, with costs, but with leave to the plaintiff to amend in 20 days, on payment of the costs of the demurrer and of this appeal. All concur.