LAURISTON BUNKER, executor, *vs.* HARRIET E. MURRAY.
HARRIET E. MURRAY *vs.* JOHN MURRAY, JR.

Nantucket.    October 27, 1902. — November 26, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Widow.   Will.*

Where a widow appeals from a decree of the Probate Court allowing the will of
her husband, and the Supreme Court of Probate affirms the decree, the six
months after the probate of the will, within which the widow under Pub. Sts.
c. 127, § 18, can waive the provisions made for her in the will and claim such
portion of her husband's estate as she would have been entitled to if he had died
intestate, run from the date of the first probate of the will in the Probate Court.
In such a case the statute allows the Probate Court on application of the widow
to extend the time for filing her waiver and claim till the expiration of six
months from the termination of the legal proceedings, but if she fails to make
such application within six months after the original probate of the will, she
loses her right.

TWO APPEALS from decrees of the Probate Court for the
County of Nantucket, the first upon a petition of the executor
under the will of John Murray for leave to sell real estate to
pay debts, charges and legacies under that will, opposed by
Harriet E. Murray, widow of the testator, on the ground that
she had waived the provisions of the will and was entitled to all
the real estate of the testator in fee, it being less than $5,000 in
value, the second upon a petition of Harriet E. Murray for the
setting off to her in fee of all the real estate of the testator under
her waiver of the provisions made for her in his will.

The Probate Court dismissed the first petition and granted
the second.   On appeal the cases were heard by *Morton*, J., who
reversed both decrees; and Harriet E. Murray appealed.

*A. F. Barker*, for Harriet E. Murray.

*H. B. Worth*, for Lauriston Bunker and John Murray, Jr.,
submitted a brief.

LATHROP, J.   The only question argued in these cases relates
to the construction to be given to the Pub. Sts. c. 127, § 18.
The first part of the section provides that "a widow may, at
any time within six months after the probate of the will of her

deceased husband, file in the registry of probate a writing signed by her, waiving any provisions the husband may have made for her in his will, or claiming such portion of his estate as she would have been entitled to if he had died intestate," etc.   The last sentence of the section reads thus : " When, after probate of such will, legal proceedings are instituted wherein its validity or effect is drawn in question, the Probate Court may within said six months, on petition of the widow and after such notice as it may order, extend the time for filing the aforesaid claim and waiver till the expiration of six months from the termination of such legal proceedings."

The facts in the case are that the will was allowed in the Probate Court against the objection of the widow, on June 15, 1899, and she took an appeal on July 6, of the same year.   On January 27, 1900, the Supreme Court of Probate affirmed the decree of the Probate Court.   The widow filed no petition for an extension of time under the last clause above cited ; but on May 1, 1900, she filed a waiver of the provisions of the will and a claim under the statute.·

We are of opinion that she was too late.   It seems to us obvious that the " probate of the will," mentioned in the first part of the statute, refers to the probate of the will in the Probate Court; and that her appeal from the allowance of the will was a legal proceeding wherein the validity of the will was drawn in question.   She could then have applied to the Probate Court for an extension of time for filing her claim or waiver.   This she did not do.   This provision for an extension of time is inapplicable except to a case in the Probate Court, and if a widow desires more time, she should avail herself of it.   The decree of the Probate Court admitting a will to probate is not vacated by an appeal but only suspended.   *Dunham* v. *Dunham*, 16 Gray, 577.   *Gale* v. *Nickerson*, 144 Mass. 415, 416.   The statute has pointed out the way for an extension of time, and the Probate Court has no power, after the expiration of· six months from the first probate of the will, to allow the widow to waive the provisions of the will or to claim such portion of his estate as she would have been entitled to if her husband had died intestate.

*Decrees of single justice affirmed.*