ANNA G. OLIVER, Appellant and Respondent, *v.* KATHER-
INE M. WELLS, Individually and as Executrix of
DAVID A. WELLS, Deceased, et al., Respondents and
Appellants.

ELSINA M. WELLS, Respondent, Impleaded with Another.

452

(Argued October 10, 1930; decided November 18, 1930.)

*Wesley H. Maider* for plaintiff, appellant and respondent. The trust provisions after the death of Mrs. Wells are void. (*Matter of Gallien,* 247 N. Y. 195; *Matter of Shapiro,* 134 Misc. Rep. 363; *Vanderpoel* v. *Loew,* 112 N. Y. 167; *Wells* v. *Wells,* 88 N. Y. 323; *Matter of Buttner,* 243 N. Y. 1; *LaFarge* v. *Brown,* 31 App. Div. 542; *Matter of Colegrove,* 221 N. Y. 455; *Matter of Trevor,* 239 N. Y. 6; *Schettler* v. *Smith,* 41 N. Y. 328.) The trust provisions create a single trust to endure for the lives of five persons in being at the death of the testator and the trust is void. (*Herzog* v. *Title Guaranty & Trust Co.,* 177 N. Y. 86; *Central Trust Co.* v. *Egleston,* 185 N. Y. 23; *Knox* v. *Jones,* 47 N. Y. 389; *Matter of Gallien,* 247 N. Y. 195.) The plaintiff is entitled immediately to any interest undisposed of by reason of invalidity or otherwise. (*Cambridge* v. *Rous,* 8 Ves. Jr. 12; *Matter of Colegrove,* 221 N. Y. 455; *Van Kleeck* v. *Dutch Church of New York,* 20 Wend. 457; *Benedict* v. *Salmon,* 177 App. Div. 385; *Gallavan* v. *Gallavan,* 57 App. Div. 320; *Cruikshank* v. *Home for the Friendless,* 113 N. Y. 337.) The provision of the will requiring the consent of the plaintiff is void. (*Matter of Anonymous,* 80 Misc. Rep. 10; *Whiton* v. *Harmon,* 54 Hun, 552; *Cruger* v. *Phelps,* 21 Misc. Rep. 252; *Potter* v.

*McAlpine,* 3 Den. 108; *Matter of Haight,* 51 App. Div. 310.) The consent of the plaintiff is reasonably withheld pending a determination of the legal questions here involved. (2 Story Eq. Juris. [10th ed.] p. 1098; Page on Wills, § 1187; 1 Pom. Eq. Juris. [4th ed.] § 512; Willard Eq. Juris. pp. 545, 552; *Larrabee* v. *Van Alstyne,* 1 Johns. 306; *Hindley* v. *Hindley,* 29 Hun, 318.)

*Henry S. Manley* and *Claude T. Dawes* for Katherine M. Wells, defendant, respondent-appellant. The trust is separable as to the provisions effective after the death of the widow. It is most consistent with the testamentary intent to disregard the provision for cross-remainders, so the trust provision does not violate the statute against perpetuities. (*Wells* v. *Wells,* 88 N. Y. 322; *Vanderpoel* v. *Loew,* 112 N. Y. 167; *Schermerhorn* v. *Cotting,* 131 N. Y. 48; *Locke* v. *Farmers Co.,* 140 N. Y. 135; *Matter of Colegrove,* 221 N. Y. 455; *Matter of Horner,* 237 N. Y. 489; *Matter of Trevor,* 239 N. Y. 6; *Matter of Buttner,* 243 N. Y. 1; *Matter of Gallien,* 247 N. Y. 195; *Matter of Drury,* 249 N. Y. 154; *Matter of Erickson,* 113 Misc. Rep. 10; 198 App. Div. 999; *City Bank F. T. Co.* v. *N. Y. C. R. R. Co.,* 253 N. Y. 49; *Matter of Bump,* 234 N. Y. 60; *Carrier* v. *Carrier,* 226 N. Y. 114.) The sister and nephew cannot take the gifts provided for them without accepting the conditions imposed by the testator. ((*Beetson* v. *Stoops,* 186 N. Y. 456; *Matter of McGrath,* 129 Misc. Rep. 514; *Matter of Hughes,* 225 App. Div. 29; 251 N. Y. 529.)

*Fred Linus Carroll* and *John M. Carroll* for John E. Wells, defendant, respondent-appellant. The trust attempted to be created is void for the reason that the absolute power of alienation of real property and the absolute ownership of personal property are thereby unlawfully suspended. (Real Prop. Law, § 42; *Matter of Hitchcock,* 222 N. Y. 57; *Herzog* v. *Title Guarantee Trust Co.,* 177 N. Y. 86; *Matter of Wilcox,* 194 N. Y. 288; *Matter of Mount,* 185 N. Y. 162; *Brown* v. *Quintard,* 177 N. Y. 75;

*Matter of Kingsley,* 145 N. Y. Supp. 662; *National Park Bank* v. *Billings,* 144 App. Div. 536; 203 N. Y. 556; *Matter of Kohler,* 231 N. Y. 353; *Central Trust Co.* v. *Falck,* 177 App. Div. 501; *Matter of Farmer,* 99 Misc. Rep. 437.) The court cannot create five separate trusts and eliminate the cross-remainders in order to make for the testator a valid will in violation of his obvious and invalid expressed intention. No power of revision is intrusted to the courts. (*Matter of Durand,* 250 N. Y. 45; *LaFarge* v. *Brown,* 31 App. Div. 542; *Central Trust Co.* v. *Egleston,* 185 N. Y. 23.) The provision of the will requiring consent is illegal, void and of no effect. (*Fargo* v. *Squiers,* 154 N. Y. 250; *Booth* v. *Baptist Church,* 126 N. Y. 215; *Smith* v. *Rockerfeller,* 3 Hun, 295; *Matter of Silsby,* 229 N. Y. 396; *Brown* v. *Quintard,* 177 N. Y. 75; *Knox* v. *Jones,* 47 N. Y. 389; *Matter of Wilcox,* 194 N. Y. 288; *Benedict* v. *Salmon,* 177 App. Div. 385; 223 N. Y. 707; *Matter of Trevor,* 239 N. Y. 6; *Smith* v. *Smith,* 154 App. Div. 313; *Whitefield* v. *Crissman,* 123 App. Div. 233; *Brinkerhoff* v. *Seabury,* 137 App. Div. 916; 201 N. Y. 559.)

*Alfred D. Dennison* for Peoples Bank of Johnstown et al., defendants, respondents-appellants. The provisions of the will do not suspend the power of alienation and absolute ownership beyond two lives in being. (Real Prop. Law, § 42; Chaplin on Suspension of Power of Alienation [3d ed.], p. 152; *Steinway* v. *Steinway,* 163 N. Y. 183; *Nicoll* v. *N. Y. & Erie Ry. Co.,* 12 N. Y. 121; *Matter of Traver,* 161 N. Y. 54; *Matter of Raab,* 42 App. Div. 141; *Hersee* v. *Simpson,* 154 N. Y. 496; *Cammann* v. *Bailey,* 210 N. Y. 19; *Matter of Ossman* v. *Von Roemer,* 221 N. Y. 381; *Matter of Trevor,* 239 N. Y. 6; *Haug* v. *Schumacher,* 166 N. Y. 506; *Sitz* v. *Faversham,* 205 N. Y. 197; *Schermerhorn* v. *Cotting,* 131 N. Y. 48; *Wells* v. *Wells,* 88 N. Y. 323; *Locke* v. *Farmers Loan & Trust Co.,* 140 N. Y. 135; *Matter of Mount,* 185 N. Y. 162.) The provisions of the will do not create a trust beyond the term of the life of

the widow. (*Hatch* v. *Bassett*, 52 N. Y. 359; *Monarque* v. *Monarque*, 80 N. Y. 320; *Bailey* v. *Bailey*, 97 N. Y. 460; *Durfee* v. *Pomeroy*, 154 N. Y. 583; *Haug* v. *Schumacher*, 166 N. Y. 506; *Snedeker* v. *Congdon*, 41 App. Div. 433; *Butler* v. *Butler*, 41 App. Div. 477; *Manice* v. *Manice*, 43 N. Y. 303; *Gilman* v. *Reddington*, 24 N. Y. 9; *Matter of Trumble*, 199 N. Y. 454; *Post* v. *Hover*, 33 N. Y. 593.) Even though the provisions of the will should be construed to create a trust or trusts, nevertheless the illegal part may be separated from the legal and the will sustained as to the legal parts. (*Post* v. *Hover*, 33 N. Y. 593; *Harrison* v. *Harrison*, 36 N. Y. 543; *Woodgate* v. *Fleet*, 64 N. Y. 566; *Wells* v. *Wells*, 88 N. Y. 323; *Tiers* v. *Tiers*, 98 N. Y. 568; *Van Derpoel* v. *Loew*, 112 N. Y. 167; *Kalish* v. *Kalish*, 166 N. Y. 368; *Smith* v. *Chesebrough*, 176 N. Y. 317; *Denison* v. *Denison*, 185 N. Y. 438; *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485; *Chastain* v. *Dickinson*, 201 N. Y. 538.) The provisions of the will conditioning the gifts of the nephew and sister upon their consent to use of real property and income of stocks is not void because futile or because of mistake of fact on the part of the testator. (*Matter of Allen*, 111 Misc. Rep. 93; 202 App. Div. 810; 236 N. Y. 503; *Matter of Hunt*, 207 App. Div. 127; *Matter of Noyes*, 7 N. Y. S. R. 703; *Matter of Donchian*, 120 Misc. Rep. 535; *Matter of McGrath*, 129 Misc. Rep. 514; *Haack* v. *Weicken*, 118 N. Y. 67; *Gibbins* v. *Campbell*, 148 N. Y. 410; *Beetson* v. *Stoops*, 186 N. Y. 456.)

*F. Law Comstock* for James Oliver, 2d, et al., defendants, respondents-appellants.

CARDOZO, Ch. J. The action is one for the construction of a will.

David A. Wells died in May, 1928, leaving a will admitted to probate in July, 1928. By the seventh subdivision thereof he gave his residuary estate in trust for

his wife, Katherine M. Wells, during her life, the principal on her death (after the deduction of a legacy for the care of cemetery lots) to be divided into fifteen equal parts. A one-fifteenth part of the income was thereupon to be paid to a nephew, John E. Wells, for life, " providing he and my sister [the plaintiff, Anna Gertrude Oliver] consent and agree to the use and occupancy of the real estate and the payment of the income of the Chicago & Northwestern Railway stock to my wife as hereinbefore provided." Another fifteenth part was to be paid for life to his wife's niece, Gertrude S. Ackerknecht. A twelve-fifteenths part was to be paid to his wife's grand-niece, Gertrude Katherine Ackerknecht, and a fifteenth part to another grandniece, Mary Ackerknecht. " In the event of the death of any or either of the said bene-ficiaries, the income from the share or interest of said beneficiary " was to be paid to the survivors, and not till " the death of the last surviving beneficiary," was the principal to be released from the trust and disposed of in accordance with the eighth subdivision.

By the eighth subdivision he gave his residuary estate not otherwise disposed of to his sister Anna Gertrude Oliver " upon condition, however, that she and said John E. Wells consent to the use of the income of the Chicago & Northwestern Railway stock and the use of the real estate by my wife as hereinbefore provided." In the event that his sister and nephew did not so consent, he gave this residue to his wife.

(1) The trusts established by the testator after the trust for the benefit of his wife are unlawful in so far as they provide that upon the death of any of the bene-ficiaries, the income from the share of the one so dying shall be paid to the survivors. The effect of that pro-vision might be to continue the trust in respect of any share for a period of four lives. No reason is perceived, however, why the trusts should fail in their entirety. The primary trusts for the benefit of nephew, niece and

grandnieces may stand, and the secondary trusts for the survivors be severed and rejected. The principles governing this process of division have been expounded so fully in recent cases that there is no occasion to restate them (*Matter of Horner*, 237 N. Y. 489; *Matter of Trevor*, 239 N. Y. 6; *Matter of Gallien*, 247 N. Y. 195; *Matter of Durand*, 250 N. Y. 45). In this instance, indeed, there is a striking absence of the circumstances that becloud intention and embarrass choice. The problem of severance is at times obscure and baffling when the consequence of excision is to accelerate a remainder bequeathed to some one other than a residuary legatee. Even in such circumstances acceleration is permitted when the plan and purpose of the will are better served thereby than they are by total sacrifice (*Kalish* v. *Kalish*, 166 N. Y. 368; *Matter of Horner, supra*). Here these queries and perturbations are stilled and set at rest. The remainder, though accelerated in enjoyment upon a severance of the trusts, will pass to the same person who would take under the will if the trusts, instead of being severed, were obliterated altogether. By the eighth subdivision, the sister, or, in a certain contingency, the wife, is to receive everything, real or personal, not otherwise disposed of. In such circumstances there is not even a plausible basis for the argument that the testator would have been unwilling, if he had known that some of his trusts would fail, to accelerate the remainder. In legal effect and almost in so many words he has told us by his will that he wished this very thing to happen if other gifts should lapse (*Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337, 354; *Lamb* v. *Lamb*, 131 N. Y. 227, 234). There is indeed a technical rule, reluctantly enforced by courts when tokens are not at hand to suggest an opposite intention, that a gift of " a residue of a residue " is not to be augmented by the lapse of another gift out of the general residuum (*Wright* v. *Wright*, 225 N. Y. 329, 340). The testator has been careful to guard against the appli-

cation of that rule to the gift of the remainder on the termination of the trusts. He has added to the eighth subdivision of his will the following, " this clause to be construed and considered as the residuary clause of this my last will and testament." The intention is thus manifest that the gift shall be a dragnet that will cover every interest not effectively disposed of otherwise.

(2) The plaintiff, a sister of the testator, and the defendant John E. Wells, a nephew, complain of the conditions accompanying the gifts, and ask the court to declare them unlawful or at least inoperative. To state with accuracy the facts leading up to these conditions would extend this opinion beyond helpful bounds. With approximate correctness we may say that the sister and the nephew had an interest in certain land and shares of stock, or in the proceeds thereof in the event that land or shares were sold, which the testator wished them to surrender for the benefit of his wife, if they were to take under his will. We see no reason to doubt that the condition is one that he could lawfully impose. The long chapter of equity that bears the title " election " must be expunged or rewritten if a gift so conditioned is to be treated by the courts as absolute. Without the aid of an express condition equity was able through the inventiveness of her chancellors to attain a like result. " One who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it " (*Havens* v. *Sackett*, 15 N. Y. 365, 369; *Beetson* v. *Stoops*, 186 N. Y. 456, 463). He is driven to a choice between the assumption of the burden and the rejection of the bounty, and this though the burden, unaccompanied by the bounty, would be an officious intermeddling with the concerns or interests of another. The will in suit accomplishes by the express statement of a condition a result substantially the same as was attained by the Chancery through its own creative powers. Stress is laid upon the point that the

consents exacted may be futile even if obtained, since there are other interests outstanding, which, if they do not join in the consents, may mutilate the scheme. There is no substance to the criticism. The consents will at least be operative as to any interests represented by the sister or the nephew. The conclusion would not be different, however, if they were not operative at all. The legacies and devises were acts of bounty merely. The testator was free to withhold them altogether, or to subject them to conditions, whether sensible or futile. The gift is to be taken as it is made or not at all (*Brown* v. *Knapp*, 79 N. Y. 136, 143; *Dinan* v. *Coneys*, 143 N. Y. 544, 547).

(3) The final question remains whether nephew and sister have waited so long before accepting the condition that they must be held to have rejected it, and so renounced the gift. The testator died in May, 1928, and his will was admitted to probate in July. In October, 1928, this action was begun. The plaintiff in her complaint refused to accept the condition or to reject it until advised by the court as to the power of the testator to impose it and advised by the same authority as to the validity of the trusts. The defendant, the nephew, answered, and took the same position. By the time of the trial, in February, 1929, nearly a year had gone by since the death of the testator, and still election was postponed. The trial judge by his decision postponed the time again. He held that there should be a period of ninety days after the final judgment on appeal within which choice might be announced, but that the widow should be permitted in the interval to have the use of the land and the income from the shares without accountability thereafter.

The general principle is that election must be made within a time that is equitable in the light of all the circumstances. This time may be very long, if injury to others will not result from the delay, and by the same

token very short if the failure to act promptly may work injury or hardship (1 Pomeroy Equity Juris. [4th ed.] § 513; Halsbury Laws of England, title Equity, §§ 141, 144, and cases there collated). Broadly speaking, we may say that at least there should be adequate opportunity to investigate the cost of the burden as compared with the value of the benefit and to acquire that knowledge of the facts without which choice, if made, would be uninformed and unintelligent (*Jaques* v. *Chandler*, 73 N. H. 376; 1 Pomeroy Equity Juris. [4th ed.] § 512; Halsbury, *supra*). Indeed, authority is not lacking that relief may be granted against an election once declared if made in ignorance of values or misconception of the law (*Larrabee* v. *Van Alstyne*, 1 Johns. 307; *Adsit* v. *Adsit*, 2 Johns. Ch. 448, 451; *Hindley* v. *Hindley*, 29 Hun, 318; *Bradhurst* v. *Field*, 10 N. Y. Supp. 452; Halsbury, *supra*.) Liberality may well be greater when indulgence is craved in advance of the event. Upon a prayer for such indulgence all the circumstances are to be weighed. The time fairly to be allowed where the will is plain or uncontested and values are readily ascertainable, may be inadequate where there is contest or obscurity or a call for inquiry and reflection. Sometimes the period of permissible delay is governed by a statute with the result that discretion is excluded (*Akin* v. *Kellogg*, 119 N. Y. 441; *Bunker* v. *Murray*, 182 Mass. 335). In the absence of statute, the question is one of fact whenever conflicting inferences are possible (*Jaques* v. *Chandler, supra*). There will be no revision by this court except for manifest abuse.

Viewing the case at hand, we find confusion and obscurity as to the effect of an election, sufficient to excuse delay, or at least to furnish for the excuse a basis, not wholly unsubstantial, in equity and reason. In so saying, we give little, if any, weight to the supposed uncertainty as to the validity of the conditions accompanying the gifts. If choice between acceptance and rejection were embarrassed by nothing else, there would

be strength in the position of the widow that excuse had not been shown. The testator did not mean that his widow should be left in uncertainty as to her enjoyment of the land or the income from the shares unless substantial grounds of justice made uncertainty inevitable. He had no thought that the recipients of his bounty would be suffered to postpone the hour of consent while debating the question, from one court to another, whether the condition could be flouted and the bounty still enjoyed. So, at least, one can argue with a force not unimpressive. The fact is, however, that apart from any uncertainty as to the binding force of the conditions, there were other uncertainties more embarrassing and in closer relation to justice and fair dealing. By concession there is illegality in respect of some of the provisions as to the duration of the trusts. Whether the consequence of this illegality has been to annul the trusts in part or to destroy them altogether, is a question not frivolous, and one not susceptible of being answered with confidence or certainty till the courts have had their say. The legatees till then were not provided with the data essential to a choice. Was it the part of wisdom to accept the prescribed condition, with the surrender thereby of what already was their own, or, on the other hand, to repudiate the condition and renounce in so doing the benefits that would come under the will? They were groping in the dark till the benefits were defined.

Let us consider in the first instance the position of the plaintiff, Mrs. Oliver, and the dilemma confronting her when asked to make a choice. If the trusts following the trust for the widow were to be held void in their entirety, the ultimate remainder to Mrs. Oliver would take effect in possession at once after the widow's death. If the trusts were not void altogether, but void in part only, the enjoyment of the ultimate remainder would be postponed till long thereafter. Its value would be much larger in the first event than it would be in the

second. How could the legatee of the remainder make an intelligent choice between the worth of what she was to get and the worth of what she was renouncing until these doubts had been dispelled? A court of equity might say with at least a reasonable basis for such an exercise of judgment that the time essential for a determination of the extent of the subject-matter passing under the will was a time not unreasonably long for the declaration of a choice. Injustice to the widow is sufficiently averted by the provision of the judgment whereby the intervening rents and income are assured to her as her own without accountability to any one.

The case is not different in respect of election by the nephew. There was no good in his consenting to surrender his interests in land and stock unless the sister did likewise, for joint consent was necessary to make the gift effective. If the sister would not act, he could not know the value of what he was getting, or know that he was getting anything. Whatever postponed the time for choice available for her, postponed almost of necessity the time available for him. Nor is that all. Even if the consent exacted had been several instead of joint, the only benefit that was to come to him was an interest in a trust, and this interest would be illusory if all the trusts were void. Very likely, in that event the consent would have been revocable (*Akin* v. *Kellogg, supra,* at p. 450), but the right to revoke might have been disputed, with the result of new embarrassments.

The judgment should be affirmed with separate bills of costs to all parties filing briefs in this court, payable out of the estate.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed, etc.