In the Matter of Proving the Last Will and Testament of ADAM J. BELLION, Deceased, as a Will of Real and Personal Property. KATHERINE J. BELLION, Appellant; CHARLES FROESSEL, as Special Guardian for MARGARET LORAINE BELLION and HOWARD JAMES BELLION, Infants, etc., and Others, Respondents.— Decree of the Surrogate's Court of Queens county affirmed, with costs payable out of the estate to all parties appearing and filing briefs. Indulging in severance (*Oliver* v. *Wells*, 254 N. Y. 451, 457) requires the sustaining of the trust provisions for Katherine, Margaret and Howard Bellion. (*Matter of Gallien*, 247 N. Y. 195.) The trust provisions for decedent's mother and sister may be distinguished from the corresponding provision for Mabel Crans in the *Gallien* case, for here the part of the trust fund for the benefit of the wife was only " the balance of said net income " after providing an income for the mother and sister. In the *Gallien*

*Case* (*supra*) a possible accretion of income might occur and violate the statute. Here, such possible accretion would not go to the wife as in the *Gallien* case; it would become a part of the remainder and pass to the son and daughter, Howard and Margaret. Lazansky, P. J., Carswell, Scudder and Davis, JJ., concur; Hagarty, J., concurs with reference to the provisions set up for the benefit of the wife and the two children but dissents with reference to the provisions affecting the mother and sister of the decedent.