In the Matter of the Estate of CHARLES A. MCALLISTER, Deceased.

Surrogate's Court, New York County, April 11, 1933.

*Carter, Ledyard & Milburn*, for the executors.

DELEHANTY, S.  On this executors' accounting a construction of the will is sought.  The testator left all his residuary estate in trust for the benefit of his widow during her life.  On her death $5,000 of the trust principal is given to Cornell University.  The remaining trust principal is continued in the trust for the benefit of the testator's daughter during her life.  On the death of the daughter the trust principal is directed by the will to be held in trust and the trustee is directed to " pay over the net income arising from the trust fund then in its hands, *per stirpes*, unto the said issue of my said daughter surviving from time to time, until that time shall first arrive at which no living child of my said daughter shall be under the age of twenty-one (21) years, when this trust shall finally cease and determine and my trustee shall transfer, assign and pay over the entire trust fund then in its hands, * * *, absolutely and in fee simple, *per stirpes*, unto the then surviving issue of my said daughter, Clara A. McAllister, or, if there be no issue of hers then surviving, then *per stirpes*, unto my then surviving heirs-at-law, according to the laws then in force in the State of New York."

The testator was survived by his widow and his daughter.  The daughter is married and has no children at this time.  The primary trust for the widow, the bequest to Cornell University and the trust for life of the daughter are valid.  These trust provisions are readily severable from the invalid provisions which follow.  It is well settled that the courts will carry out a testator's intention so far as is legally possible and will, in pursuance of that purpose, preserve the valid and reject the invalid parts of a will.  (*Oliver* v. *Wells*, 254 N. Y.  451; *Matter of Trevor*, 239 id. 6; *Carrier* v. *Carrier*, 226 id. 114.)  Here invalidity does not permeate the entire scheme of the will but inheres only in the trust provisions to take effect on the death of the daughter.  These provisions clearly suspend the power of alienation beyond the statutory period (Real Prop. Law, § 42; Pers. Prop. Law, § 11), and, in addition, the life measuring the third trust may be that of a person not in being at the testator's death.  These ultimate trust provisions are, therefore, invalid.  The remainders limited thereon are contingent (being gifts to a class determinable at a future time), and cannot be accelerated.  (*Matter of Silsby*, 229 N. Y. 396.)  The gift of the remainder falls with the invalid trust provisions and the remainder passes as in intestacy.  (*Matter of Durand*, 250 N. Y. 45.)

The individual executrix asserts a personal claim against the estate which, pursuant to section 212 of the Surrogate's Court Act, will be heard before me on the 17th day of April, 1933, at ten-thirty A. M.