In the Matter of the Estate of FRITZ GEORGE SCHMIDT, Deceased.

Surrogate's Court, Westchester County, July 20, 1938.

*Edwards & Edwards* [*J. W. Edwards* of counsel], for the executors.

*Richard E. Enright* [*Pliny W. Williamson* of counsel], for Anna D. Schmidt, widow.

*Richard H. Levet,* for Marie-Elizabeth Byrom.

*Condit & Hite* [*Earl P. Hite* of counsel], for Erna S. Awalt and Anna-Luise O'Connor.

*Matthew B. Sentner,* for the New York Association for the Blind and Association for the Aid of Crippled Children.

MILLARD, S. The widow of this testator has applied for an order enlarging her time within which she may elect to take dower in the real estate of which her husband was seized at the time of his death.

The testator and his wife (this petitioner), were married in or about the year 1905 and lived together until his death on April 12, 1937. He was the father of four children, to wit: Helen S. Davidson, a daughter by a previous marriage, whom he named as one of his executors, and three other daughters, Erna H. Awalt, Anna-Luise O'Connor, and Marie-Elizabeth Byrom, the issue of his marriage with the petitioner herein. His will, dated September 1, 1933, and two codicils thereto, dated January 25, 1935, and May 25, 1936, respectively, were offered for probate on April 21, 1937.

Under the terms of testator's will, as modified by the codicils, the widow was bequeathed all of his personal jewelry, together with the furniture, silverware, household goods, etc., which may be contained at the time of his death in his residence property at Scarsdale, New York, together with all of his automobiles. The residue of his estate is given to his executors and trustees, in trust, to invest the same and to pay over the income as follows: $100 per month to his daughter, Helen Davidson; $50 per month to his daughter, Marie-Elizabeth Byrom; $25 per month to his daughter, Erna S. Awalt; $50 per month to his sister, Helen Brandes, and the balance of the income to his wife, Anna D. Schmidt. In the event of the death of the aforesaid daughters or sister, or either of them, prior to the death of the wife, the share of the income payable to the first named persons is to be paid to his wife. The will further provides that, upon the death of the wife, the trust is to terminate and the principal thereof, together with any unexpended income, is to be divided between his two daughters Helen Davidson and Marie-Elizabeth Schmidt (Byrom) in equal shares and/or their issue *per stirpes*. No other provision was made in the will for the widow.

Paragraph " Thirteenth " of the will provides that: " The provisions herein contained for the benefit of my said wife, Anna D. Schmidt, shall be in full satisfaction and in lieu of her dower, and of any similar rights given her by law."

Anna-Luise O'Connor, one of the daughters of testator, was not named in the will. The Fifth Avenue Bank of New York and Helen S. Davidson were named as executors. The probate of the will having been delayed for various reasons, an order was made on May 20, 1937, appointing Anna D. Schmidt, the widow, and The Fifth Avenue Bank of New York as temporary administrators. On June 29, 1937, Erna S. Awalt and Anna-Luise O'Connor, two of the daughters of the decedent, filed objections to the probate of the will. Thereafter, and on or about April 23, 1938, an agreement was entered into between the parties settling the will contest,

under the terms of which the objections to the probate were withdrawn and the principal of the residuary trust, after the death of the widow, is to be divided in the proportions of forty-two and one-half per cent each to Helen S. Davidson and Marie-Elizabeth Byrom, and seven and one-half per cent each to Anna-Luise O'Connor and Erna S. Awalt. The widow was not a party to this agreement. A decree confirming the compromise agreement and admitting the will to probate was made on April 27, 1938. Letters testamentary were issued to the Fifth Avenue Bank of New York and Helen S. Davidson on April 29, 1938.

During the pendency of the proceeding for the probate of the will, the widow applied to the former surrogate for an order enlarging her time within which to elect to take her dower interest in the lands of her late husband. On October 7, 1937, an order was entered granting the application in all respects and extending her time to make such election for a period of ninety days after the issuance of letters testamentary, or letters of administration with the will annexed, or letters of administration in chief. Said order further provided " that the said Anna D. Schmidt be and she hereby is permitted to make such other and additional applications for further enlargement of time to make such election as the facts may warrant, * * *" The aforesaid order was amended and re-settled in its original form, upon stipulation of all interested parties, on October 8, 1937.

At the time of the death of the testator, the principal assets of his estate, as shown by an inventory filed by the temporary administrators, consisted of:

1. Five hundred shares of United Copper Company (N. J.), estimated of no value;

2. The entire capital stock of F. G. Schmidt, Inc., an optical business located at 49 West Forty-sixth street, New York city, consisting of 500 shares of preferred and 250 shares of common stock, valued at $3,035.75;

3. The entire capital stock of F. G. Schmidt Realty Co., Inc., the only asset of which was the fee of the decedent's residence at No. 72 Walworth avenue, Scarsdale, N. Y., of the estimated value of $23,400, incumbered by a mortgage of $25,000, plus accrued interest;

4. Real property at No. 11 East Forty-second street, New York city, which is subject to a first mortgage of $180,000, with interest at five per cent per annum, a second mortgage in the sum of $30,000, bearing interest at six per cent per annum, which, by its terms, expires on the death of Julia Schmidt, the mortgagee thereof who was the former wife of testator, and a lease for twenty-one years

from April, 1937, to Loft, Inc., at a net rental of $25,000 per annum. The value of the fee in this property is estimated at $350,000;

5. Furniture and jewelry, and other contents of late residence, appraised at $1,171.13;

6. Cash, $1,781.28.

Under the will, the common stock in F. G. Schmidt, Inc. (the optical business) was given to Helen S. Davidson, a daughter, and Frank Hynes, an employee of the company. The real property in Scarsdale has been abandoned by the executors by permission of the court. The temporary administrators and the executors are now accounting and citations upon these accountings are returnable on August sixteenth next, upon which date applications by the respective attorneys for the fixation of their fees herein are also returnable.

Petitioner claims that she has the alternatives of either electing to take dower in the lands of her late husband, or of electing to take against the will under the provisions of section 18 of the Decedent Estate Law, or of taking under the provisions of the will. She, therefore, asks that her time to elect to take dower be further extended to October twenty-eighth next when her time to make her election under section 18 of the Decedent Estate Law will expire.

The grounds upon which she predicates her application are:

(a) That the order granted by the former surrogate on October 8, 1937, permits her " to make such other and additional applications for further enlargement of time to make such election as the facts may warrant; "

(b) That a will construction proceeding is necessary to ascertain the meaning of the will;

(c) That the debts, claims, expenses of administration, commissions, etc., cannot yet be determined;

(d) The factual situation with regard to her inchoate right of dower in the real estate of her husband cannot presently be determined;

(e) That the petitioner does not know whether she will receive the accumulative dividend on the preferred stock of F. G. Schmidt, Inc.

The executors and daughters of the decedent are resisting the application upon the grounds generally that petitioner has no legal right to any further extension of her time to elect to take dower; that, as one of the temporary administrators of this estate, she is presumed to know all the facts in connection therewith; that no construction proceeding is pending; that, under section 201 of the Real Property Law, this court is without power to grant

any further enlargement of time to elect, and that no other sufficient reason exists for such extension.

Section 201 of the Real Property Law provides that: " Where a woman is entitled to an election, * * * she is deemed to have elected to take the jointure, devise or pecuniary provision, unless within six months after the death of her husband she enters upon the lands assigned to her for her dower, or commences an action for her dower. But, during such period of six months after the death of her said husband, her time to make such election may be enlarged by the order of any court competent to pass on the accounts of executors, administrators or testamentary trustees, or to admeasure dower,, on an affidavit showing the pendency of a proceeding to contest the probate of the will containing such jointure, devise or pecuniary provision, or of an action to construe or set aside such will, or that the amount of claims against the estate of the testator cannot be ascertained within the period so limited, or other reasonable cause, and on notice given to such persons; and in such manner, as such court may direct."

Section 18 of the Decedent Estate Law provides that a surviving spouse has a personal right of election to take his or her share of the estate as in intestacy under certain conditions. It further provides that an election made thereunder must be made within six months from the date of the issuance of letters and that the time to make such election may be enlarged *before its expiration* by an order of the Surrogate's Court where such will was probated for a *further period of not exceeding six months upon any one application.* (Italics mine.) There is a similarity in the wording of the two statutes. It should be noted, however, that while section 18 of the Decedent Estate Law provides for *further extensions,* Section 201 of the Real Property Law simply provides that " *during such period of six months after the death of her said husband,* her time to make such election may be enlarged " and stops there. While section 18 of the Decedent Estate Law does not say so, in as many words, the inference is plain that further extensions of time without number may be granted thereunder where sufficient cause is shown. Such extensions have been and are being granted. Why then, for equal reasons, should not more than one extension be allowed under the provisions of section 201 of the Real Property Law? It has been asserted that the last mentioned statute must be construed as a short Statute of Limitations and that, under its provisions, but one extention is permissible. Can it be successfully maintained that this was the intention of the Legislature? I do not think so. It did not, in my opinion, intend to give a right and then take it away again. For instance, the law gives

an executor or administrator seven months within which to settle an estate, but there are many cases, akin to the case at bar, where long delay unavoidably occurs, by reason of litigation or otherwise in ascertaining the factual situation with respect to the assets and liabilities of an estate. Can it be said then that a widow, with a right of election, must be forced to act, without knowledge of the facts, within the time limits which a literal interpretation of section 201 would seem to require? The Legislature has said that the statutes relating to dower and to descent and distribution are to be liberally construed. In revising these laws (Laws of 1929, chap. 229, effective September 1, 1930), the reasons for the legislation were stated as follows:

" The provisions * * * of this act are hereby enacted pursuant to the intention of the legislature to increase the share of a surviving spouse in the estate of a deceased spouse, either in a case of intestacy or by an election against the terms of the will of the deceased spouse thus enlarging property rights of such surviving spouse; to remove the present distinctions, so far as possible, between real and personal property in their treatment as assets of an estate; and to make uniform the descent and distribution of real and personal property, and to abolish the distinction heretofore existing in the descent and distribution thereof; and such provisions shall be *liberally construed* to carry out such intention." (Italics mine.) (Laws of 1929, chap. 229, § 20, as amd. by Laws of 1930, chap. 174, § 13.)

The court's power to make the order herein requested has been challenged. The only case pertinent to that question which has been called to my attention is that of *Bradhurst* v. *Field* (10 N. Y. Supp. 452). There the appellate court held that an action brought by the wife to construe the will could not be sustained, and, therefore, an order extending the time within which she might make her election until fifty days after the termination of such action was improper. But as the action had been commenced and under its pendency the plaintiff has allowed the year (the then statute) to expire without making the election to which she became entitled, the order should not be entirely reversed, " but she should still be afforded a reasonable opportunity to make the election in this manner secured to her by the law." The court, therefore, permitted her an extension of sixty days within which to exercise her choice.

The facts here lend greater strength to the widow's claim for an extension than those in the case above cited. In the instant case, the chief asset of the estate is the equity in the Forty-second street property. As has been stated, this property is subject to two

mortgages aggregating $210,000 and a twenty-one-year lease from the latter, of which practically the entire income of the estate is derived. This real estate will have to be further mortgaged or sold to provide funds with which to pay debts, funeral, administration and other expenses. At the present time these can only be estimated. The remains of testator are still contained in a temporary vault, and hence the expenses of interment are unknown. The estate taxes have not been fixed or determined. Accounting proceedings by the temporary administrators and executors are pending, as well as applications to fix the fees of the attorneys herein. A construction of the will may be necessary to determine the rights of the widow. For these and the other reasons stated, it seems proper that the order prayed for should be granted. I am of the opinion that, under a liberal construction of the statutes applicable hereto, I have that power.

It has been said that the right of dower is perhaps the most highly and widely cherished property right resulting from marriage, and one which the courts have been alert to protect. (*Byrnes* v. *Owen*, 243 N. Y. 211, 216.) This court would be remiss in its duty if it failed to follow that principle of law.

The instant application is also based upon the resettled order of October 8, 1937, under which the widow was authorized to apply for a further extension of time to elect. That order was entered upon the consent of the same parties who are now objecting to this application. No appeal was taken from that order, and the time to appeal has long since expired. Furthermore, the beneficiaries of the residuary trust, other than the widow, are receiving the income to which they are entitled. The widow, on the other hand, is receiving but $400 per month after furnishing a bond to secure such payments. Under these circumstances can it be said that the parties objecting will be harmed by a further extension or that a prompt settlement of this estate will be unduly prejudiced thereby? I think not.

For the reasons stated, therefore, the application is granted, and the time of the widow to elect to take dower is extended to October twenty-eighth next.

Settle order accordingly.