Willie Jones died in 1942, after having made a will in November, 1941, which will was filed for probate January 27, 1942, and provided for distribution of her property to her three adult children. Subsequent to the probate and administration of the estate Pauline Neibergall, one of the children, filed an affidavit claiming that Lot 5, which by the will was devised to the plaintiff, was homestead property of her mother at the time of her death and not subject to devise and that she (Pauline Neibergall) was the owner of an undivided one-third interest in said lot.
Thereupon the appellant, Paul Jones, one of the children of Willie Jones, brought suit seeking a declaratory decree by the Court setting out the right and status of complainant and the defendants under the will of Willie E. Jones, and more particularly complainant's right to a fee-simple title to the aforementioned property under the will of the said Willie E. Jones.
The Chancellor found that Lot 5 constituted a homestead and decreed the three children to be vested with an undivided one-third interest each, and Paul Jones appealed.
It is a presumption of law that it was the intention of a testator to treat the children equally. 57 Am.Jur., p. 754, "Wills," Sec. 1157. Equity delights in equality. In the case at bar it appears that at the time of the making of the will in this instance the intent of equal treatment prevailed. Howard Jones, one of the children, testified:
"Q. Under this Will was your brother, Paul Jones, left some of the property? A. Yes, sir.
"Q. Was he left the property that he now lives on under the will of your mother? A. Yes, sir.
"Q. Do you know whether the — your mother made an equal division of her property among the three children? A. It was offered between us three, our choice, whether we were satisfied with it or not. `I will swap you and you swap me; if you want mine I will take yours.'
"Q. Was that choice made? A. It was.
"Q. Were the heirs satisfied with the distribution? A. Yes, sir.
 * * * * * *
"Q. Has Pauline Jones Neibergall received her share of the estate? A. Yes, sir."
Since the will of the mother offered in evidence was certified by the office of the County Judge, we will assume that the will was duly probated and that the estate of the decedent was distributed between the devisees according to the terms of the will *Page 444 
and upon a petition of the executor, which order of distribution, when entered upon such petition, had the "same effect as though entered upon the petition of the heir or devisee." Sec. 734.04, F.S. 1941, F.S.A.
If Lot 5 was the homestead of the testator then was the devise to Paul of Pauline's share of the homestead upon the condition that she elect to acquiesce in and surrender her share in the homestead to Paul?
In the proceedings before the County Judge it may appear that by implication she has so consented. If she had not consented this would have given rise to the question of compensation to Paul for his disappointment and the source from which it will be made. Equity regards that as done which ought to have been done.
In a similar case the late Justice Cordozo, while Chief Justice of the Court of Appeals of New York, said: "The long chapter of equity that bears the title `election' must be expunged or rewritten if a gift so conditioned is to be treated by the courts as absolute. Without the aid of an express condition equity wasable through the inventiveness of her chancellors to attain alike result. `One who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming all its provisions and renouncing every right inconsistent with it.'" (Italics supplied.) Oliver v. Wells, 254 N.Y. 451, 173 N.E. 676, 679.
In the case of Noyes v. Noyes, 233 Mass. 55, 123 N.E. 395, 396, Mr. Justice Rugg quoted Lord Chancellor Cairns in the case of Codrington v. Codrington as follows: "By the well-settled doctrine which is termed in the Scotch law the doctrine of `aprobate' and `reprobate' and in our courts more commonly the doctrine of `election,' where a deed or will professes to make a general disposition of property for the benefit of a person named in it, such person cannot accept a benefit under the instrument without at the same time conforming to all its provisions and renouncing every right inconsistent with them."
Mr. Justice Rugg further said in that case: "The main principle was never disputed, that there is an obligation on him who takes a benefit under a will or other instrument to give full effect to that instrument under which he takes a benefit; and if it be found that that instrument purports to deal with something which it was beyond the power of the donor or settlor to dispose of, but to which effect can be given by the concurrence of him who receives a benefit under the same instrument, the law will impose on him who takes the benefit the obligation of carrying the instrument into full and complete force and effect." Noyes v. Noyes, supra.
A similar case went before the Supreme Court of Mississippi and it appeared that a testatrix devised real property and bequeathed personal property belonging to her to her husband, and also devised real property which belonged to her husband to a third party. The husband proved the will and took the property devised to him thereunder. He subsequently attempted to deny the right of his wife to give his property to a third person. The Supreme Court of Mississippi held that the husband had elected to take the property devised to him under the will and that he was bound to see that the other devisees got the property devised to them. They said that the husband was estopped from asserting title to the land belonging to him which the wife had devised to a third party. The Court further said: "Had he desired to keep his own property devised by this will, it was his duty to have renounced the will, and he should not have qualified as executor thereunder." West v. West, 131 Miss. 880, 95 So. 739, 29 A.L.R. 226.
This Court has heretofore recognized the doctrine of equitable election: "Nor do we now decide whether the doctrine ofequitable election may not still have application to wills which devise other property to the widow in such a manner as to expressly require her to surrender all or some of her rights in the homestead, or in such a manner as to render it inequitable or inconsistent for her to accept the provisions of the will without surrendering such of her rights in the homestead as may be required to be surrendered by the will, for the will in the present case is not so drawn as to *Page 445 
present that question." Palmer v. Palmer, 47 Fla. 200, 205, 35 So. 983, 985.
The answer to such question depends upon the intent of the testatrix and the intent must be determined from the facts and circumstances of the case.
The equities as recited have been established by the record; however, it would seem that the foregoing equitable principles have neither been presented to the Chancellor nor considered by him.
The cause should be remanded for further consideration and with leave to take further evidence and for the entry of such final decree as shall appear unto the Chancellor to be meet and proper.
HOBSON, J., concurs.