**BLOECHLE et v DAVIS et**

Ohio Appeals, 1st Dist, Butler Co

No 693.   Decided June 5, 1936

Williams, Sohngen, Fitton & Pierce, Hamilton, for appellees.

John D. Andrews, Hamilton, and John P. Rogers, Hamilton, for appellants.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law to the Court of Common Pleas of Butler County. The action in that court was to contest the paper writing probated as the last will and testament of George J. Bloechle, deceased. At the close of all the evidence both contestants and contestees moved for an instructed verdict. The court granted the motion of the contestants and the jury under the instructions of the court so to do returned a verdict finding that the paper writing was not the last will and testament of George J. Bloechle, deceased. The court having rendered judgment on the verdict and overruled the contestees' motion for a new trial, they filed this appeal.

No evidence was offered of lack of testamentary capacity or undue influence. The only evidence introduced was a stipulation of facts relating to the circumstances attending the signing of the paper writing by the decedent and the witnesses. And the court reached the conclusion that under the undisputed facts the execution of the paper writing did not comply with the requirements of §10504-3, GC, and so instructed the jury. The sole question is, therefore, whether the trial court was correct in this conclusion.

As the stipulation is short, we quote it in full:

"It is stipulated and agreed that the decedent, George J. Bloechle, on March 26th, 1935 resided on Lane Street, in Hamilton, Ohio; that on the evening of that day, to-wit, Tuesday, March 26th, 1935 he went into the home of Alfred and Marie Brindle, who were husband and wife, living at 168 Beckett Street, Hamilton, Ohio; that both Alfred and Marie Brindle were at home at said time, and in the presence of both of them, Mr. Bloechle produced a paper and said he wanted to know if they would do him a favor and Mrs. Brindle replied 'You always know we would do whatever we could, what do you want us to do?' Mr. Bloechle thereupon said, 'I want you to sign my will as witnesses'; and thereupon Mr. and Mrs. Brindle signed the paper he then had, which is the paper writing admitted to probate as the last will and testament of George J. Bloechle, deceased, and offered as an exhibit in this case, in the blank spaces provided on said paper for witnesses signatures. That this took place in the dining room at the Brindle home on a table therein, and immediately afterwards Mr. Bloechle left said home, carrying said paper with him, and that Mr. Bloechle did not at said time sign said paper, and Mr. and Mrs. Brindle noticed that it did not bear his signature.

"That on the following Saturday morning, March 30th, 1935, Mr. Bloechle again came to the home of Alfred and Marie Brindle at 168 Beckett Street, and went into the dining room of their said home and produced the paper writing admitted to probate as his will, and the same paper writing admitted to probate as his will, and the same paper writing introduced in this case, and produced a pen and ink and stated to both Mr. and Mrs. Brindle, who were present in said room that he hadn't signed the will in their presence and he would now sign it while they watched; that

Mr. and Mrs. Brindle identified and recognized the paper as the one they signed on Tuesday and saw their signatures thereon; that thereupon in their presence and immediately after said statements, Mr. Bloechle signed his name on the paper writing admitted to probate herein and offered as an exhibit in this case on a blank line at the place his name appears, and before the witnesses signatures, said signatures being made by Mr. Bloechle on the same dining room table in the said home in the presence of both Mr. and Mrs. Brindle, and thereupon and immediately thereafter without anything more having taken place regarding the paper writing, Mr. Bloechle left the Brindle home with the paper writing."

Was this paper writing executed in conformity to §10504-3, GC? That section provides that:

"Except nuncupative wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

It would seem clear that the act or transaction to be attested should precede the subscription by the witnesses. A person could not attest or witness an act or transaction that had not transpired. This is an impossibility in the nature of things.

Now what was it that the statute required to be attested or witnessed? By the express terms of the statute, it is the will—not one component part—but the entire thing that was to be done by the testator and which lacked only the attestation and subscription of the witnesses to make it conform in all respects to the requirements of §10504-3, GC.

It will be observed that four days intervened between the signing by the witnesses and the signing by the decedent. It (the signing by the witnesses and decedent) could not, without doing violence to realities, be characterized as one continuous transaction. There were two transactions on different days. That circumstance distinguished this case from **Slemmons et v Toland et, 5 Oh Ap, 201,** which followed that line of cases holding that where the execution and attestation occur at the same time and place, and form parts of the same transaction, the order of the affixing of their signatures is immaterial. We think it is a general rule that the ▮▮ juristic significance of a single transaction must be determined by the complete transaction, just as the meaning of a sentence must be determined by the complete sentence, and that Slemmons v Toland, supra, and similar cases are simply specific applications of this general principle. When the law requires the concurrence of various ▮▮ elements in a single incident, it is satisfied by their presence in the incident without reference to the order of their occurrence. But we have been cited to no case, and have found none, applying this principle to facts similar to those in the case at bar where there were manifestly two separate and distinct occasions. Two defective incidents ▮▮ cannot be combined to make the one perfect incident required by the law. There are many cases holding that on facts similar to those in the case at bar the execution of the document has not satisfied the requirements of statutes similar to that of ours. These cases are collected in the annotation to Gordon v Parker, 39 A.L.R. 931, at 933. Decisions of eight states as well as decisions of English and Canadian courts are cited in the annotation in support of the rule. We have examined these cases and find that they support the proposition that the execution of the paper writing on a different day, subsequent to the day on ▮▮ which the witnesses have signed, is not a compliance with statutes in all respects similar to our statute.

The rule on the subject is stated in 26 R.C.L., 128, as follows:

"According to one line of authorities a will must be signed by the testator before there can be any valid subscription by the attesting witnesses. The latter cannot properly sign the will before the testator but must wait until the maker of the will has himself signed it, and this is true even though all the signing is done as part of one transaction. Where a witness disregards this rule the defect cannot be cured by his acknowledging his signature after the testator has signed the will. In the absence of evidence to the contrary it will be presumed ordinarily that the testator signed the will before the witnesses subscribed their names thereto. The rule that the testator must sign first is not fully

accepted in all jurisdictions. Thus, it has been held in a number of cases that where the execution and the attestation of the will occur at the same time and place and form parts of the same transaction, it is immaterial that the witnesses subscribe before the testator signs so that the attestation immediately precedes instead of succeeds the execution."

As will be noted there is a conflict in the authorities when the execution and attestation occur at the same time and place. There is no such conflict suggested when they occur at distinct times and places.

The decedent signed this paper writing below the attestation paragraph and just above the signatures of the witnesses. It is suggested that this was not a proper execution. This signature was made for the purpose of signing the will and as it followed all the dispositive provisions  the fact that it also followed the attestation paragraph would not render invalid a document that would otherwise be a valid will. The attestation and subscription of the witnesses not being in compliance with the statute, the paper writing was not the last will and the court was right in so adjudging.

The judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.